245 N.J. Super. 224 (1991)
584 A.2d 861
STATE OF NEW JERSEY IN THE INTEREST OF A.T., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1990.
Decided January 11, 1991.
*225 Before Judges ANTELL, O'BRIEN and SCALERA.
Herbert H. Tate, Jr., Essex County Prosecutor, attorney for appellant State of New Jersey (Debra G. Lynch, Assistant Prosecutor, of counsel and on the brief).
Wilfredo Caraballo, Public Defender, attorney for respondent (Matthew Astore, Deputy Public Defender II, of counsel and on the letter brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
*226 The State appeals by leave granted from an interlocutory order of the Family Part denying its motion for waiver of jurisdiction to allow for treatment of the juvenile as an adult. The reason given by the Family Court for its action was that the State had failed to prove probable cause to believe that the juvenile committed a delinquent act as required by N.J.S.A. 2A:4A-26a(2). The delinquent act charged herein would, if committed by an adult, constitute the crime of armed robbery.
The State's evidence was presented entirely through the testimony of Police Officer Dennis McCauley of the Newark Police Department and two police incident reports. One report was prepared by Officer Gregory Millstein, and the other was prepared by Officer McCauley. According to the Millstein report, Hector Medina was approached on the street by two young men whom he later allegedly identified as J.O. and A.T.J.O. brandished a handgun and A.T. demanded that Medina give up his money upon threat of death. The report further states that the victim fled into a nearby store and called the police. Officers Millstein and Richard Cuccolo responded and drove with Medina through the neighborhood in an unsuccessful search for the assailants.
Later that day Millstein related the incident to Officer McCauley who recognized the juveniles from their description. In fact, McCauley had arrested A.T. on a previous occasion. McCauley and his partner, Joseph Farina, then drove around the area and found A.T. standing on the corner of Broadway and Bloomfield Place. The officers advised him that he was a suspect in an attempted robbery and then transported him to Police Headquarters, presumably for questioning. As the officers were walking with A.T. through the precinct assembly room back to the holding area, Hector Medina, who was sitting there, identified A.T. by saying "that's the guy." There is a dispute in the testimony as to whether A.T. was handcuffed at the time. McCauley testified that he was not, whereas A.T. says that he was. In his testimony, A.T. also denied any *227 knowledge of the offense.[1]
The reasons given by the Family Part judge for denying the State's motion seem to be grounded in his disapproval of the procedure followed by the police in bringing A.T. into headquarters and for failing to administer to A.T. the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rehearing den., 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966)[2]. He noted that "the whole thing should have been done differently. He should have been arrested, [and] put in a lineup...." He stated that he did not believe McCauley's testimony that A.T. was not handcuffed and concluded that when A.T. was "walked into that police station, handcuffed, as I believe he was, I don't think that victim had any choice but to identify him and say well yeah, he was  he was the assistant [sic], he was there." The motion was denied, as the judge said, because "I believe what this defendant is saying."
The question before the court was whether the State had demonstrated probable cause. Probable cause within this context is no more than a well-grounded suspicion or belief that an offense has taken place and that A.T. was a party to it. See State v. DeSimone, 60 N.J. 319, 322, 288 A.2d 849 (1972); State I/I/O J.L.W., 236 N.J. Super. 336, 347, 565 A.2d 1106 (App.Div. 1989); State I/I/O A.J., 232 N.J. Super. 274, 286, 556 A.2d 1283 (App.Div. 1989). The occasion was not one for the trial judge to weigh the evidence and determine where the truth of the *228 matter lay. As we said in State I/I/O B.T., 145 N.J. Super. 268, 273, 367 A.2d 887 (App.Div. 1976), certif. den. 73 N.J. 49, 372 A.2d 314 (1977), the hearing
is a preliminary proceeding to determine the propriety of transfer under the statutory criteria. The portion of the hearing relating to probable cause can be analogized to the probable cause hearing prior to indictment or the determination of a grand jury to indict. In either of these instances, rules of evidence and constitutional guarantees involving the trial process are inappropriate. Since the result of a preliminary judicial proceeding as involved herein does not adjudicate the guilt of the accused, the type of permissible evidential material used by the court in reaching its conclusion is not circumscribed by the limited evidential rules applied at trial. [citations omitted]
Recognizing, as B.T., supra, does, that in transfer proceedings such as this, hearsay evidence may be relied upon to determine probable cause, it is clear that a sufficient showing of probable cause was made by the State. The Family Court judge's disapproval of both the manner in which the police conducted their investigation and the circumstances of A.T.'s identification, and the fact that A.T. denied his guilt cannot alter this fact.
We express no opinion as to whether the State's proofs will ultimately prevail, or whether they will even suffice to merit jury consideration. However, they now compel a well-grounded suspicion that Medina was the victim of a robbery and that A.T. was a party thereto.
The determination of no probable cause is reversed and the matter is remanded to the Family Court for completion of the hearing.
NOTES
[1] We do not address the question of whether the juvenile may, on a waiver hearing, offer evidence on his own behalf with respect to probable cause. But see, R. 3:4-3 which, in describing the conduct of a probable cause hearing before a committing judge, states only that "the court shall hear the evidence offered by the State within a reasonable time and the defendant may cross-examine witnesses against him."
[2] The Miranda rule seems to be completely irrelevant in the context of this proceeding since the State does not rely on any admissions made by A.T. In fact, A.T. at all times denied the charge made against him.