866 A.2d 178 (2005)
182 N.J. 402
STATE of New Jersey, Plaintiff-Appellant,
v.
J.M., Defendant-Respondent.
Supreme Court of New Jersey.
Argued October 12, 2004.
Decided February 17, 2005.
*180 Robert E. Bonpietro, Deputy Attorney General, argued the cause for appellant (Peter C. Harvey, Attorney General of New Jersey, attorney).
Anthony M. Arbore, Ledgewood, argued the cause for respondent (Forster & Arbore, attorneys).
Susan Brody, Assistant Deputy Public Defender, argued the cause for amicus curiae, Office of the Public Defender (Yvonne Smith Segars, Public Defender, attorney).
Justice WALLACE delivered the opinion of the Court.
The primary issue in this appeal is whether a juvenile may present evidence during the probable cause portion of a juvenile waiver hearing. N.J.S.A. 2A:4A-26. The trial court denied the juvenile's request to testify at the probable cause hearing. The Appellate Division reversed. Although we agree with the panel's conclusion that the juvenile may present evidence at the probable cause hearing, we ground our decision not on the constitutional basis found by the panel, but in our authority to control the procedures of our courts. We hereby modify Rule 5:22-2 to expressly permit a juvenile to present evidence at the probable cause hearing. We also hold that pursuant to N.J.S.A. 2A:4A-26a and the Attorney General's Juvenile Waiver Guidelines, the prosecutor's failure to provide a statement of reasons for seeking waiver requires a remand.

I.
This case arises from an incident on November 28, 2001, at a Mobil gas station in Hackettstown, New Jersey. On that day, seventeen-year-old J.M. (juvenile), and adult codefendants, John Stagg and Mike Torrisi, met at Torrisi's house and discussed robbing the Mobil gas station. Later that evening, Torrisi drove the juvenile and Stagg to the gas station. Torrisi remained in the car as the juvenile and Stagg walked to the side of the station, where they waited about fifteen minutes. At some point, the juvenile entered the attendant's booth and turned off the lights. Stagg found a baseball bat in the booth and used the bat to "take the guy down." The attendant fell to the ground seriously injured. The juvenile removed the money from the cash register and fled to the car. Torrisi drove the others to his house where the three of them divided the money. Most of the activity of the intruders was captured by a security camera at the station that showed Stagg accosted the attendant at 9:57 p.m.
Around 2:30 a.m., Detective Wade Caccese received instructions to investigate the robbery and assault at the Mobile gas station. When Detective Caccese arrived at the station, he observed a lot of blood on the ground and an aluminum baseball bat near one of the gasoline pumps. The detective also learned that the attendant had been taken to the hospital with serious head injuries.
The ensuing investigation led to the juvenile. On December 17, 2001, the juvenile and his mother reported to the police station. In the presence of his mother, the juvenile waived his rights, agreed to give a tape-recorded statement, and admitted his involvement in the robbery. The juvenile stated that the plan called for him to turn the lights out and for Stagg to take care of the attendant. He claimed he had no prior knowledge of a baseball bat in the booth, and had no knowledge that Stagg would strike the attendant with the bat.
*181 The juvenile was charged with offenses that if committed by an adult would constitute first-degree robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; and second-degree aggravated assault, N.J.S.A. 2C:12-1b(1).
The State filed a timely motion seeking waiver of jurisdiction by the Family Part to the Law Division (adult court). The State, however, failed to include a statement of reasons why it sought waiver.
On January 29, 2002, a Family Part judge held a waiver hearing to determine whether to grant the State's motion. Detective Caccese was the sole witness for the State in its effort to establish probable cause that the juvenile committed the charged offenses. He related the juvenile's involvement in the robbery based on the juvenile's statement. On cross-examination, Detective Caccese testified that neither the juvenile nor Stagg brought a weapon to the gas station and that the plan called for Stagg to punch the attendant, not to strike him with a weapon. The State also offered the juvenile's statement into evidence and played the security videotape from the Mobil station depicting the crime.
Counsel for the juvenile sought to have the juvenile testify to assist the court in determining whether there was probable cause for first-degree robbery and second-degree aggravated assault. Counsel explained that the juvenile would testify concerning his state of mind during the robbery to show that he never intended to use a deadly weapon or to inflict serious bodily injury on the victim, elements necessary for the more serious charges. The Family Part judge denied the request, found probable cause to believe the juvenile committed a first-degree robbery and second-degree aggravated assault, and granted the State's motion to prosecute the juvenile as an adult.
Subsequently, the juvenile entered into a plea agreement and pled guilty to a lesser included second-degree robbery and second-degree conspiracy to commit robbery. For its part of the plea agreement, the State agreed to dismiss the remaining aggravated assault charge and to recommend a custodial sentence of not more than six years. On June 26, 2002, the trial court sentenced the juvenile to six years in prison with an eighty-five percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, along with fines and restitution.
The juvenile appealed, challenging the Family Part judge's ruling that prohibited him from testifying at the waiver hearing. In a published opinion, the Appellate Division reversed and remanded to the Family Part for a new waiver hearing. The panel concluded that the juvenile had a right to testify at the probable cause portion of the waiver hearing and that the prosecutor should have provided a statement of reasons for the waiver application. State v. J.M., 364 N.J.Super. 486, 837 A.2d 392 (2003). We granted the State's petition for certification. State v. J.M., 179 N.J. 373, 845 A.2d 1255 (2004). We also granted amicus curiae status to the Office of the Public Defender.

II.
The State argues it established probable cause that the juvenile was sixteen years or older and that he participated in an enumerated offense, thus requiring the trial court to waive him to adult court. The State contends that our decision in State v. R.G.D., 108 N.J. 1, 15-16, 527 A.2d 834, 841 (1987), strongly suggests that the juvenile's right to testify in a waiver hearing does not extend to the determination of probable cause. The State reasons that *182 because a juvenile probable cause hearing is not intended to determine guilt, there is no reason to permit the juvenile to present evidence concerning his intent at the time of the offense. Consequently, the State urges that the Appellate Division decision unduly interferes with the prosecutorial function by intruding on the decision to seek waiver, and directly contradicts the legislative intent behind the 2000 amendment to vest the prosecutor with the primary responsibility for the waiver hearing. Further, the State asserts that if the juvenile testifies at the probable cause portion of a waiver hearing, the State may be compelled to produce witnesses, resulting in a trial-like presentation that is inappropriate for such a hearing. Finally, the State contends that because the juvenile did not request a statement of reasons for the waiver motion, that issue was not properly raised.
The juvenile maintains that the Appellate Division correctly concluded he had a constitutional right to testify at the probable cause hearing. He argues the waiver statute supports his view that it was of paramount importance that he be permitted to present evidence to assist the court in the determination of whether there was probable cause that his participation rose to the level of either first-degree robbery or second-degree aggravated assault. Further, he argues that it was error for the State to file the waiver motion without stating its reasons for seeking waiver.
Amicus joins in the juvenile's arguments and adds that the juvenile's testimony was crucial on the probable cause issue. Further, Amicus contends that the Legislature's amendments to the Code in 2000 left unchanged the statutory provisions that no testimony offered by a juvenile at a waiver hearing "shall be admissible for any purpose in any hearing to determine delinquency or guilt of an offense." Because testimony pertaining to the juvenile's prospects for rehabilitation before the age of nineteen would be unlikely to include admissions as to delinquency or guilt of an offense, Amicus urges that the Legislature must have intended that the statutory immunity applicable to the juvenile's testimony at the waiver hearing apply to testimony the juvenile might give at the probable cause hearing.

III.
Preliminarily, we note that the State claims the juvenile failed to preserve the issue before us through a conditional plea under Rule 3:9-3(f). The State acknowledges, however, that it did not raise that argument before the Appellate Division, but urges nevertheless that appellate courts should apply the rule that a knowing and voluntary guilty plea bars a defendant from raising non-jurisdictional constitutional claims in the proceedings prior to the plea.
We agree that the failure to enter a conditional plea under Rule 3:9-3(f) generally bars appellate review of non-Fourth Amendment constitutional issues. State v. Robinson, 224 N.J.Super. 495, 498, 540 A.2d 1313, 1314 (App.Div.1988). A defendant who wishes to preserve such an issue for appeal should enter a conditional plea pursuant to Rule 3:9-3(f). Even so, our Appellate Division has recognized that in limited situations where it would result in an injustice to strictly adhere to the requirements of the rule, the rule will not be enforced. State v. Gonzalez, 254 N.J.Super. 300, 304, 603 A.2d 516, 518 (App.Div.1992).
We need not determine whether this case comes within that limited exception. Because the State failed to raise this argument below, it would be unfair not to address this important issue of whether the juvenile may present evidence at the *183 probable cause portion of the waiver hearing.

IV.

A.
The United States Supreme Court has declared that a juvenile waiver hearing is a "critically important action determining vitally important statutory rights of the juvenile" charged with a criminal offense, and that a juvenile is entitled to a hearing, effective assistance of counsel, and a statement of reasons for the waiver decision. Kent v. United States, 383 U.S. 541, 556, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84 (1966) (citations and internal quotations omitted). Similarly, our courts have recognized the critical nature of a waiver hearing. R.G.D., supra, 108 N.J. at 4-5, 527 A.2d at 835-36; State v. Ferguson, 255 N.J.Super. 530, 535, 537, 605 A.2d 765, 768-69 (App.Div.1992), opinion after remand 273 N.J.Super. 486, 642 A.2d 1008 (App.Div.1994). To be sure, due process includes providing the defendant with appropriate notice and a meaningful opportunity to be heard. Hyman v. Muller, 1 N.J. 124, 129, 62 A.2d 221, 223 (1948). In the context of juvenile waiver proceedings,
[t]he demands of due process at such a preliminary stage of the proceedings are no more extensive than to afford the accused a fair hearing where he is represented by counsel and has an opportunity to be heard and present evidence. Such rights are guaranteed in this State with respect to a transfer hearing.
[State in Interest of B.T., 145 N.J.Super. 268, 273, 367 A.2d 887, 889-90 (App.Div.1976), certif. denied, 73 N.J. 49, 372 A.2d 314 (1977) (emphasis added) (internal citations omitted).]
Prior to the 2000 amendments, N.J.S.A. 2A:4A-26(a) accorded a greater opportunity for the juvenile to show that he or she should not be waived to adult court. If the State established probable cause to believe a juvenile fourteen years or older committed a delinquent act or acts, which if committed by an adult would constitute certain enumerated offenses, no additional showing was required by the State for waiver to occur. In other cases, the State had to show that the nature and circumstances of the offense or the prior record of the juvenile were sufficiently serious and that the interests of the public required waiver. However, at that time, the juvenile could overcome the presumption of waiver by showing that the "probability of his [or her] rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver[.]" State v. Scott, 141 N.J. 457, 464, 661 A.2d 1288, 1291-92 (1995) (quoting then N.J.S.A. 2A:4A-26a(3)).
In R.G.D., supra, we traced the history of the juvenile waiver statute and described the procedures the court must follow prior to a determination on waiver. 108 N.J. at 4-15, 527 A.2d at 835-41. We recognized that the evolution of the waiver statute demonstrated that the Legislature had shifted the balance in favor of waiver and placed a heavier burden on the juvenile who committed an enumerated offense. Id. at 11, 527 A.2d at 839.
Effective March 14, 2000, N.J.S.A. 2A:4A-26 was amended to make clear that with respect to a juvenile sixteen years of age or older charged with an enumerated offense, once the State established probable cause that the juvenile committed the offense, waiver is required without regard to rehabilitation evidence. The current version of N.J.S.A. 2A:4A-26 provides in pertinent part:
Referral to another court without juvenile's consent

*184 a. On motion of the prosecutor, the court shall, without the consent of the juvenile, waive jurisdiction over a case and refer that case from the Superior Court, Chancery Division, Family Part to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:
(1) The juvenile was 14 years of age or older at the time of the charged delinquent act; and
(2) There is probable cause to believe that the juvenile committed a delinquent act or acts which if committed by an adult would constitute:
(a) Criminal homicide other than death by auto, strict liability for drug induced deaths, pursuant to N.J.S. 2C:35-9, robbery which would constitute a crime of the first degree, carjacking, aggravated sexual assault, sexual assault, aggravated assault which would constitute a crime of the second degree, kidnapping or aggravated arson; or
* * * *
e. If the juvenile can show that the probability of his rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver, waiver shall not be granted. This subsection shall not apply with respect to a juvenile 16 years of age or older who is charged with committing any of the acts enumerated in subparagraph (a), (i) or (j) of paragraph (2) of subsection a. of this section or....
f. The Attorney General shall develop for dissemination to the county prosecutors those guidelines or directives deemed necessary or appropriate to ensure the uniform application of this section throughout the State.
[Emphasis added.]
Thus, the Legislature vested the prosecutor's office with the primary responsibility for juvenile waiver decisions when the juvenile is sixteen years or older and charged with a designated offense. The intent was to increase prosecutorial discretion and to make waiver more likely in the case of those juveniles. Simply stated, when a sixteen-year old or above is charged with an enumerated offense, the prosecutor need only establish probable cause for the court to waive the juvenile to adult court.
A probable cause hearing is neither constitutionally required nor recognized at common law. State v. Smith, 32 N.J. 501, 536, 161 A.2d 520, 538 (1960), cert. denied, 364 U.S. 936, 81 S.Ct. 383, 5 L.Ed.2d 367 (1961). Rather, the probable cause hearing is a creation of legislation and our rules, and the defendant may waive the hearing. In the adult setting, our court rules provide that if the defendant does not waive the probable cause hearing and if an indictment has not been returned, a hearing shall be held to determine whether there is probable cause to believe defendant committed the offense. R. 3:4-3(a). While the adult defendant is allowed to cross-examine the State's witnesses, he is not expressly given the right to present evidence. Ibid.
In a juvenile matter, the probable cause hearing takes on greater significance than in the adult context. As we emphasized in R.G.D., supra,
[s]o important is the [juvenile waiver] decision that the United States Supreme Court has invested it with constitutional significance that requires `procedural regularity sufficient in the particular circumstances to satisfy the basic requirements of due process and fairness, as well as compliance with the statutory requirement[s].'

*185 [108 N.J. at 5, 527 A.2d at 835 (quoting Kent, supra, 383 U.S. at 553, 86 S.Ct. at 1053, 16 L.Ed.2d at 93).]
We restate that prior to the 2000 amendments, even for the more serious charges against older juveniles, the juvenile could present evidence of the potential for rehabilitation at the probable cause portion of the waiver hearing. Id. at 16, 527 A.2d at 841. In R.G.D., we addressed the issue of the evidence the juvenile could present at a waiver hearing to show amenability to rehabilitation, and the proper balance between the juvenile's interest and State's interest in determining whether a juvenile overcame the presumption of waiver. Ibid. We reviewed the waiver procedures at that time and, in respect of the State's proof on probable cause, we explained that
[a]lthough the victim's version of the events was sharply contested by the juveniles and belied by some of the circumstances, the evaluation of probable cause is not an evaluation of guilt or innocence. That evidence must await the trial. A juvenile may, however, submit evidence at the waiver hearing that would minimize ... involvement in the offense in order to enhance [the] chances of being found amenable to rehabilitation.

[Ibid. (emphasis added) (citations and internal quotations omitted).]
See also State v. Lueder, 74 N.J. 62, 77, 376 A.2d 1169, 1176 (1977) (finding guilt or innocence of juvenile not at issue in waiver hearing); State v. Torres, 313 N.J.Super. 129, 144-47, 713 A.2d 1, 8-10 (App.Div.) (finding that although waiver hearing is critical stage and juvenile has right to testify, record insufficient to determine whether counsel advised juvenile of his right to testify), certif. denied, 156 N.J. 425, 719 A.2d 1023 (1998); Ferguson, supra, 255 N.J.Super. at 538, 605 A.2d at 769 (finding error for counsel not to inform juvenile of right to testify at waiver hearing); State in Interest of B.G., 247 N.J.Super. 403, 423, 589 A.2d 637, 647 (App.Div.1991) (noting without discussion that juvenile offered own evidence on probable cause); State in Interest of A.T., 245 N.J.Super. 224, 227 n. 1, 227-28, 584 A.2d 861, 862 n. 1, 863 (App.Div.1991) (reversing finding of no probable cause but not expressly addressing question whether juveniles may offer evidence on probable cause).
Those cases demonstrate that our courts have accommodated a juvenile's request to present evidence at the waiver hearing, most often on the issue of rehabilitation, but also on the issue of probable cause. Moreover, even after the 2000 amendments, the Legislature continued to recognize that "[n]o testimony of a juvenile at a hearing pursuant to [N.J.S.A. 2A:4A-26] shall be admissible for any purpose in any hearing to determine delinquency or guilt of any offense." N.J.S.A. 2A:4A-29. We note, however, that unlike Rule 3:4-3, the Family Part Rule for waiver does not set forth any requirements for the probable cause hearing. See R. 5:22-2. Therefore, there is neither a provision in the rule giving the juvenile the right to present evidence at the probable cause hearing, nor a provision prohibiting such a right.
In the present case, the Family Part judge relied upon Rule 3:4-3, governing probable cause hearings in adult criminal cases, to deny the juvenile the right to testify at the probable cause portion of the waiver hearing. In reversing that decision, the Appellate Division concluded that because of the critical importance of the probable cause determination, the juvenile should have the right to testify at that part of the waiver hearing. J.M., supra, 364 N.J.Super. at 490-92, 837 A.2d at 395-96. The panel appeared to ground *186 its decision in legal precedent that due process entitles a party to a reasonable opportunity to be heard. Ibid. Although recognizing that the probable cause hearing portion of a waiver proceeding has been compared to a probable cause hearing for an adult, the panel noted that "[g]iven its potential procedural consequences, a probable cause hearing in a juvenile waiver proceeding is a more critical step in the process than a typical probable cause proceeding available to an adult offender." Id. at 495, 837 A.2d at 398.
We are in complete accord with the view expressed by the Appellate Division panel concerning the critical nature of the juvenile probable cause hearing. As we explained in R.G.D., supra, once waiver occurs, the juvenile "loses all the protective and rehabilitative possibilities available to the Family Part." 108 N.J. at 5, 527 A.2d at 835. With that in mind, we conclude that the heightened importance to the juvenile justifies treating juveniles differently from adults at a probable cause hearing.

B.
The question remains whether fairness dictates that we modify our rules to permit the juvenile to present evidence at the probable cause hearing. "Under the settled construction of Article VI, Section II, par. 3 of the Constitution of 1947, the Supreme Court has exclusive and plenary power to promulgate rules governing practice and procedure in our courts, as distinguished from matters involving substantive law." George Siegler Co. v. Norton, 8 N.J. 374, 381, 86 A.2d 8, 12 (1952) (citing Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950)). The authority to promulgate rules that are set forth as the Rules of Court, "may also be exercised in the form of general directives or specific orders." In re Yaccarino, 101 N.J. 342, 351, 502 A.2d 3, 7 1985). Of course, "the Court's authority to engage in rulemaking includes the exclusive power to establish or modify Court Rules through judicial decisions." State v. Clark, 162 N.J. 201, 205, 744 A.2d 109, 111 (2000). "We have on many occasions announced policy rulings which, though not constitutionally or legislatively compelled, have served to protect the proper interests of the defendant and to advance the sound administration of justice in our courts." Rodriguez v. Rosenblatt, 58 N.J. 281, 294, 277 A.2d 216, 223 (1971).
Our duty to supervise criminal trials and family court juvenile matters provides an independent basis for our decision. In our view, this case presents precisely the type of opportunity that justifies our exercise of rulemaking authority to promote the administration of justice in our courts. Given our conclusion that the probable cause portion of the waiver hearing for a juvenile sixteen years of age or older charged with an enumerated offense is such a meaningful and critical stage of the proceedings we find that considerations of fairness require that we modify our rules to permit the juvenile to present evidence at the probable cause hearing. In the context of that limited juvenile proceeding, the juvenile should have the chance to do so to enhance the possibility that the trial court will not find probable cause that he or she committed an enumerated offense.

C.
Although Rule 5:22-2 makes no express provision for a probable cause hearing, there is a reference in that rule to "probable cause to believe that [the juvenile] committed a delinquent act." In the exercise of our authority to promulgate Court Rules affecting practice and procedure in our courts, we now modify Rule 5:22-2 to permit a juvenile to testify and present evidence at the probable cause portion of *187 the waiver hearing. Accordingly, we refer the matter to the Family Practice Committee to draft an appropriate amendment to Rule 5:22-2 that is consistent with this opinion.[1] The Family Practice Committee, if it deems necessary, may coordinate with the Criminal Practice Committee in drafting the appropriate amendment.
The procedure we adopt today does not change our law concerning the evaluation of whether there is probable cause that the juvenile committed the alleged offense. Probable cause is a well-grounded suspicion or belief that the juvenile committed the alleged crime. State v. Moore, 181 N.J. 40, 45, 853 A.2d 903, 906 (2004). The notion that strict adherence to the rules of evidence is not required at the probable cause hearing remains unchanged. Moreover, the nature of the probable cause determination "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations [will] seldom [be] crucial in deciding whether the evidence supports a reasonable belief in guilt." Gerstein v. Pugh, 420 U.S. 103, 122, 95 S.Ct. 854, 867, 43 L.Ed.2d 54, 69 (1975).
Contrary to the State's contention, we are not convinced that our decision "will have a serious impact on juvenile waiver cases involving the most serious crimes." Even though the juvenile's testimony at the waiver hearing may not be used against the juvenile in any other proceeding, see N.J.S.A. 2A:4A-29, unless the probable cause issue is a close one, the juvenile is not likely to risk revealing his or her defense to the charge at that stage of the proceedings. It seems intuitive that unless the juvenile's evidence tends to refute probable cause, the juvenile is not likely to present any evidence at all. Moreover, the juvenile's evidence should not pertain to rehabilitation because a juvenile sixteen years of age or older charged with an enumerated offense no longer has the right to present evidence at the waiver hearing regarding his or her amenability to rehabilitation.
In this case, the State sought to establish probable cause that the juvenile committed the enumerated offenses of first-degree robbery and second-degree aggravated assault as an accomplice. The evidence clearly established that the juvenile and codefendant had no weapons when they entered the gas station, but that codefendant found and used a baseball bat against the attendant. To establish probable cause of an enumerated offense, the State needed to show that the juvenile had the purpose to commit the robbery with the use of a weapon or to otherwise inflict or attempt to inflict serious bodily injury on the attendant. The juvenile was denied the opportunity to present evidence to counter the State's position. If the juvenile had been successful, the charges would not have included an enumerated offense. In that event, the juvenile would have been permitted to proceed to the next *188 stage of the waiver process to present evidence of rehabilitation to attempt to overcome the presumption of waiver. Our modification of Rule 5:22-2 gives the juvenile the opportunity to present evidence at the probable cause hearing that may assist the court in determining whether the State has shown probable cause that the juvenile committed an enumerated offense. In light of our disposition of this matter, we see no need to reach the question whether due process requires providing juveniles the right to testify and present evidence at a probable cause hearing.

V.
The Appellate Division also found error in the State's failure to submit a statement of reasons for seeking waiver.
The decision by the State to seek waiver from the Family Part to the Law Division is a discretionary one. As part of the amendment to the waiver statute, the Attorney General was required to establish guidelines for seeking waiver. N.J.S.A. 2A:4A-26f. The Legislature required the Attorney General to issue such guidelines to eliminate arbitrariness or abuse of discretionary power and to permit statewide uniformity in the exercise of prosecutorial discretion. See State ex rel. R.C., 351 N.J.Super. 248, 257, 798 A.2d 111, 117 (App.Div.2002).
Consistent with that mandate, the Attorney General prepared and published the guidelines for the prosecutor to follow in determining whether to seek waiver. Attorney General's Juvenile Waiver Guidelines (March 14, 2000). The guidelines require the prosecutor to prepare a statement of reasons for a waiver application. Those guidelines, however, do not expressly provide that the statement of reasons for seeking waiver must be attached to the motion. Nevertheless, for the court to determine that the reasons for seeking waiver are not arbitrary, it must be able to review the State's reasons for the waiver motion. The logical way to do that is to include a statement of reasons along with the motion. We agree with the Appellate Division that the reasons for seeking waiver should have accompanied the waiver motion.
In R.C., supra, the panel found that the prosecutor's oversight was excusable in light of the lack of interpretation of the guidelines at that time and remanded to permit the prosecutor to submit its reasons for seeking waiver. 351 N.J.Super. at 261-62, 798 A.2d at 119-20. We reach that same conclusion here. At the time the State filed its motion seeking waiver, it did not have the benefit of the ruling in R.C. Because the State lacked that interpretation of the guidelines, the matter should be remanded for the State to present its reasons for seeking waiver.

VI.
We affirm that part of the judgment of the Appellate Division that vacated the trial court's order waiving jurisdiction over the juvenile, vacated his subsequent guilty plea, and remanded to the Family Part. We remand for a waiver hearing consistent with the views expressed herein. Prior to the hearing, the State shall submit its statement of reasons for seeking waiver.
For affirmance and remandment  Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA-SOTO  7.
Opposed  None.
NOTES
[1] One suggestion for the Committee to consider is to add a new subparagraph (e) to Rule 5:22-2 along the following lines:

At the referral hearing as to probable cause, the court shall receive the evidence offered by the State and the evidence offered by the juvenile and shall permit cross-examination of any witness. If from the evidence it appears that there is probable cause to believe that the juvenile committed the charged delinquent act, then depending upon the age of the juvenile and the enumerated delinquent act, the court shall either transfer jurisdiction immediately or permit the juvenile to attempt to show that the probability of his or her rehabilitation prior to reaching the age of 19 by use of the procedures, services, and facilities available to the court substantially outweighs the reasons for waiver.