989 A.2d 302

STATE OF NEW JERSEY IN THE INTEREST OF T.M.

Superior Court of New Jersey
Appellate Division

Submitted December 15, 2009—Decided March 8, 2010.

Before Judges CARCHMAN, PARRILLO and ASHRAFI.

*Paula T. Dow,* Essex County Prosecutor, attorney for appellant State of New Jersey (*Lucille M. Rosano,* Assistant Prosecutor, of counsel and on the brief).

*Yvonne Smith Segars,* Public Defender, attorney for respondent T.M. (*Lon Taylor,* Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

ASHRAFI, J.S.C. (temporarily assigned).

In this juvenile delinquency matter, we granted the State leave to appeal the order of the Family Part denying waiver of jurisdiction and referral of the charges to the Criminal Part for prosecution. We agree with the State that the undisputed evidence presented at the waiver hearing was sufficient to establish probable cause to conclude that the seventeen-year-old juvenile, T.M., possessed firearms while in possession of heroin with intent to distribute. Therefore, the Family Part was required by *Rule* 5:22–2(c)(3)(C) and *N.J.S.A.* 2A:4A–26e to grant the State's application. We reverse the Family Part's order of April 23, 2009.

On March 20, 2009, the Essex County Prosecutor's Office filed a juvenile delinquency complaint against T.M. charging the following offenses: (a) third-degree possession of heroin, *N.J.S.A.* 2C:35–10; (b) third-degree possession of heroin with intent to distribute, *N.J.S.A.* 2C:35–5; (c) third-degree possession of heroin with intent to distribute within 1,000 feet of a school, *N.J.S.A.* 2C:35–7; (d) two counts of second-degree unlawful possession of a handgun, *N.J.S.A.* 2C:39–5b; (e) second-degree possession of handguns for an unlawful purpose, *N.J.S.A.* 2C:39–4; (f) second-degree unlawful possession of a handgun while engaging in narcotics crimes, *N.J.S.A.* 2C:39–4.1; (g) fourth-degree unlawful possession of hollow-point bullets, *N.J.S.A.* 2C:39–3f; and (h) third-degree possession of heroin with intent to distribute within 500 feet of public housing, *N.J.S.A.* 2C:35–7.1.

■ In its application under *Rule* 5:22–2, the State argued several grounds for referral of T.M. for prosecution as an adult, but the most direct ground was that T.M. was charged with a violation of *N.J.S.A.* 2C:39–4.1, possession of firearms while committing a narcotics distribution offense, contrary to *N.J.S.A.* 2C:35–5. Under *Rule* 5:22–2(c)(3)(C), the prosecutor is granted discretion to refer a juvenile for adult prosecution if he is at least sixteen years old and charged with violation of *N.J.S.A.* 2C:39–4.1. The prosecutor need only show probable cause for the charge; no additional showing is necessary. *N.J.S.A.* 2A:4A–26e; *R.* 5:22–2(c)(3); *State v. J.M.*, 182 *N.J.* 402, 412, 866 *A.*2d 178 (2005).

■ The Family Part held a waiver hearing on April 23, 2009, to determine probable cause. The only witness at the hearing was Detective Philip Turzani of the Newark Police Department, Central Narcotics Division.

The detective testified that on March 13, 2009, he was the backup for an undercover narcotics detective who made a purchase of illegal drugs near the Oscar Miles Housing Complex in Newark. T.M. was not present or involved in the sale. The undercover detective requested cocaine from a young man. The unidentified young man entered a single-family dwelling using a key and returned with two vials of a suspected controlled dangerous substance (CDS), which he gave to the undercover detective in exchange for $20.

A few days later, Detective Turzani obtained a search warrant on the basis of the undercover buy on March 13 for the single-family dwelling from which the CDS had been retrieved. The police had also learned from records of the Newark Housing Authority, which subsidized the rent on that dwelling, that it was leased to Christine Nelson and occupied by her and her children and grandchildren. Besides Nelson, other listed residents were twenty-three-year-old Nikita M. and her three children, ages two through seven; twenty-year-old Erica M.; and seventeen-year-old T.M. Newark Police executed the search warrant at about 9:30 p.m. on March 20, 2009.

Upon forcing the door and entering the house, the police found the three adult women and the three children in the home. T.M. was not present. Erica M. was found and secured on the third floor. Christine Nelson identified a rear bedroom on the third floor as T.M.'s room. Teenage-style male clothing and other items in the bedroom were consistent with occupancy by the only male resident of the household above the age of five, and no other room in the house contained similar male clothing.

In T.M.'s bedroom, a narcotics-sniffing dog alerted to a locked safe underneath the bed. The police broke open the safe and found inside sixty-one decks of heroin, $1,156 in cash, and two handguns loaded with hollow-point bullets. On the basis of the items found in the safe, the police charged Christine Nelson with criminal offenses and T.M. with juvenile delinquency charges as listed previously.

The judge of the Family Part concluded that the evidence was insufficient to establish probable cause that T.M. possessed the safe and its contents, especially because Erica M. had been found on the third floor and could have placed the movable safe under T.M.'s bed as the police entered the home. The judge criticized the Newark police for neglecting to obtain finger-prints from the safe or the guns.

█ Fingerprint evidence, however, is not necessary to establish probable cause to charge a suspect with possession of contraband. *See, e.g., State v. Palacio*, 111 *N.J.* 543, 545 *A.*2d 764 (1988) (no discussion of fingerprints on packages of cocaine concealed in car but circumstantial evidence was sufficient for conviction of passenger); *State v. Brown*, 80 *N.J.* 587, 404 *A.*2d 1111 (1979) (evidence sufficient for defendant's conviction for possession of heroin in bedroom closet despite no mention of fingerprint evidence); *State v. Binns*, 222 *N.J.Super.* 583, 588 n. 2, 590–91, 537 *A.*2d 764 (App.Div.) (no fingerprint evidence obtained from package of cocaine police found in trunk of car, but sufficient evidence of possession by driver), *certif. denied*, 111 *N.J.* 624, 546 *A.*2d 540 (1988). As the Supreme Court said in *Brown, supra*, 80 *N.J.* at

598, 404 *A.*2d 1111, "focusing upon the absence of potentially relevant evidence seemingly led [the trial court] to an incorrect assessment."

While the possibility that someone else placed the safe under T.M.'s bed without his knowledge may provide reasonable doubt to the ultimate factfinder, guilt or innocence is not at issue in a waiver hearing. *State v. Lueder,* 74 *N.J.* 62, 77, 376 *A.*2d 1169 (1977). As we said in *State in the Interest of A.T.,* 245 *N.J.Super.* 224, 227–28, 584 *A.*2d 861 (App.Div.1991), "[t]he occasion was not one for the trial judge to weigh the evidence and determine where the truth of the matter lay." *Accord State in the Interest of B.G.,* 247 *N.J.Super.* 403, 409, 589 *A.*2d 637 (App.Div.1991). The judge's only function was to determine whether probable cause existed for the charge of possession of a firearm in the course of committing the offense of possessing CDS with intent to distribute.

 Probable cause is defined as "a well-grounded suspicion or belief that an offense has taken place and that [the juvenile] was a party to it." *A.T., supra,* 245 *N.J.Super.* at 227, 584 *A.*2d 861 (citing *State v. DeSimone,* 60 *N.J.* 319, 322, 288 *A.*2d 849 (1972); *State in the Interest of J.L.W.,* 236 *N.J.Super.* 336, 347, 565 *A.*2d 1106 (App.Div.1989), *certif. denied,* 126 *N.J.* 387, 599 *A.*2d 163 (1991); *State in the Interest of A.J.,* 232 *N.J.Super.* 274, 286, 556 *A.*2d 1283 (App.Div.1989)). The State is not required to present sufficient evidence to convict the juvenile of the offense, or even to establish a prima facie case for conviction. *DeSimone, supra,* 60 *N.J.* at 322, 288 *A.*2d 849; *J.L.W., supra,* 236 *N.J.Super.* at 347, 565 *A.*2d 1106; *A.J., supra,* 232 *N.J.Super.* at 286, 556 *A.*2d 1283.

Ample evidence established probable cause to believe that T.M. was in possession of the safe and its contents. In *Brown, supra,* 80 *N.J.* at 592, 404 *A.*2d 1111, the Court said that the factfinder "may draw an inference from a fact whenever it is more probable than not that the inference is true." In that case, the Court found evidence sufficient to convict the male defendant of possession of CDS found concealed in the pocket of a dress in a closet, despite

lack of direct evidence of defendant's possession of that CDS. *Id.* at 590, 599, 404 *A.*2d 1111. The Court said, "[a]n inference of knowledge and control of personalty found in rooms commonly lived in or used by an occupant is well-grounded in our every day experience...." *Id.* at 596, 404 *A.*2d 1111. *Cf. State v. Milton,* 255 *N.J.Super.* 514, 522, 605 *A.*2d 757 (App.Div.1992) (evidence was insufficient to convict defendant of possession of CDS found under mattress where State had no other evidence linking defendant to the CDS but also could not prove that the bed was used by defendant rather than one of the other occupants of the room).

Here, it was more probable than not that the safe found under T.M.'s bed, in the bedroom that he occupied alone, was in his possession and he knew what it contained. One can reasonably infer from the safe's location and T.M.'s exclusive occupancy of the room that T.M. put it under the bed. Although the safe was locked and movable, there was no evidence that anyone else had placed it there.

Furthermore, the fact that T.M. as a juvenile did not have control or management of the entire house did not change the probability that he was in control of the items found under his bed. Nor was his absence from the home at the time of the search a basis to reject affirmative evidence of his possession of the CDS and firearms. As the Supreme Court said in *State v. Spivey,* 179 *N.J.* 229, 237, 844 *A.*2d 512 (2004), "A person does not abandon legal possession of the items in his home every time he exits the front door."

 The decision of the Family Part on a motion to waive jurisdiction is usually subject to the abuse of discretion standard of review. *State v. Onque,* 290 *N.J.Super.* 578, 584, 676 *A.*2d 560 (App.Div.), 146 *N.J.* 497, 683 *A.*2d 200 (1996); *State in the Interest of A.B.,* 214 *N.J.Super.* 558, 565, 520 *A.*2d 783 (App.Div.1987), *aff'd,* 109 *N.J.* 195, 536 *A.*2d 240 (1988). "If, however, the trial court acts under a misconception of the applicable law, the appellate court need not give such deference." *State v. Brown,* 118 *N.J.* 595, 604, 573 *A.*2d 886 (1990). *See also State v. Cleveland,*

371 *N.J.Super.* 286, 295, 852 *A.*2d 1150 (App.Div.) ("Although we must defer to the trial court respecting the factual findings underpinning its determination, we owe no deference to the determination itself."), *certif. denied,* 182 *N.J.* 148, 862 *A.*2d 57 (2004). Here, the trial court imposed a burden upon the State to prove more than probable cause, essentially T.M.'s guilt. Imposition of that burden was legal error.

We reverse the Family Part's order of April 23, 2009, and remand for entry of an order referring the charges against T.M. to the appropriate court.