# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2439-24

STATE IN THE INTEREST
OF A.D.

_____

Argued October 7, 2025 – Decided October 20, 2025

Before Judges Susswein and Chase.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket Nos. FJ-03-1284-13 and FJ-03-1293-13.

James H. Maynard argued the cause for appellant (Maynard Law Office, LLC, attorneys; James H. Maynard, on the brief).

Jennifer B. Pasziewicz, Assistant Prosecutor, argued the cause for respondent (LaChia L. Bradshaw, Burlington County Prosecutor, attorney; Jennifer B. Pasziewicz, of counsel and on the brief).

PER CURIAM

By leave granted, A.D. appeals from a Family Part order granting the

State's request to apply the repealed waiver statute, N.J.S.A. 2A:4A-26, instead

of the current waiver statute, N.J.S.A. 2A:4A-26.1 to his upcoming waiver hearing. We reverse.

I.

We presume the parties are familiar with the relevant facts and procedural history, which are thoroughly recounted in our prior unpublished opinion and the 2013 juvenile delinquency complaint:

> On May 5, 2013, defendant, who was seventeen years old at the time—and five months shy of his eighteenth birthday—was charged in a juvenile delinquency complaint with an offense that if committed by an adult would constitute second-degree sexual assault, N.J.S.A. 2C:14-2(b). The juvenile delinquency complaint alleged that defendant exposed his penis to E.F., a seven-year-old girl, while he was sitting on bleachers at a park holding his penis. Defendant asked E.F. if she wanted to "touch his penis while he manually stimulated himself." The complaint alleged defendant "commit[ed] an act of sexual contact with E.F. for the purpose of sexually arousing or sexually gratifying or to humiliate or degrade E.F. when E.F. was less than [thirteen] years old, defendant being at least [four] years older than E.F."
>
> [State v. A.D., No. A-1544-23 (App. Div. Aug. 23, 2024) (slip op. at 2-3) (footnote omitted)]

After he was charged, the State moved for waiver of A.D.'s matter to the Criminal Part under N.J.S.A. 2A:4A-26. As part of a global resolution of the matter, A.D. consented to a waiver and entered into a plea agreement. Under the plea agreement, A.D. pled guilty to one count of third-degree endangering

2

the welfare of a child, contrary to N.J.S.A. 2C:24-4(a). Id. at 6. In exchange, the State agreed to recommend a sentence of five years to be served at the Bonnie Brae residential program, subject to Megan's Law. Ibid. A.D. was sentenced to five years of probation and completion of Bonnie Brae's residential treatment program, subject to Megan's Law; parole supervision for life; internet posting requirements; and the requisite fines and fees. Id. at 7.

Subsequently, A.D. filed a petition for post-conviction relief ("PCR") claiming he was not aware of the parole supervision for life requirement. After an evidentiary hearing, his PCR was granted and the trial court vacated his waiver to the Criminal Part, subsequent plea and sentence and returned the juvenile complaint to the Family Part. Id. at 10-18. After we granted the State's motion for leave to appeal, we affirmed the trial court's grant of the PCR. Id. at 27.

On remand, the State indicated that it would again move to waive jurisdiction to Criminal Part. The parties disputed which waiver statute should apply: (1) N.J.S.A. 2A:4A-26, which existed in 2013, at the time of the original juvenile delinquency charge, waiver, guilty plea, and sentence; or (2) N.J.S.A. 2A:4A-26.1, which was adopted in 2015 to replace N.J.S.A. 2A:4A-26, and went into effect on March 1, 2016. See L. 2015, c. 89.

On February 21, 2025, the court issued a written opinion and corresponding order. The court, relying upon State v. J.V., 242 N.J. 432 (2020), State in the Interest of J.D., 467 N.J. Super. 345 (App. Div. 2021), and State v. Bass, 457 N.J. Super. 1 (App. Div. 2018), determined it would apply the repealed statue, N.J.S.A. 2A:4A-26.

A.D. moved for leave to appeal, which we granted. By separate order we granted A.D.'s motion for a stay of the family court proceedings.

A.D. raises the following points for our consideration:

> I. THE ONLY STATUTE THAT CURRENTLY AUTHORIZES WAIVER TO [THE CRIMINAL PART] IS N.J.S.A. 2A:4A-26.1, AND THUS CONTROLS IN THIS MATTER.
>
> II. THE STATE IS JUDICIALLY ESTOPPED FROM ARGUING THAT A WAIVER HEARING IN THE A.D. MATTER MUST BE CONDUCTED UNDER THE REPEALED STATUTE BECAUSE IT PREVIOUSLY SUCCESSFULLY ARGUED THE CONTRARY POSITION IN PRIOR LITIGATION.

II.

A.D. argues that the court erred by determining it would not apply the current waiver statute, N.J.S.A. 2A:4A-26.1, to his pending waiver hearing. He contends that any waiver hearing conducted now must follow the procedures set forth in the updated statute. We agree.

A.

Juveniles may not be tried in the Criminal Part unless the Family Part has waived jurisdiction. N.J.S.A. 2C:4-11; N.J.S.A. 2A:4A-26.1. The consequences of waivers are substantial, as the juvenile loses the protections and rehabilitative possibilities available in Family Part, State in the Interest of E.S., 252 N.J. 331, 343-44 (2022), State in the Interest of A.D., 212 N.J. 200, 215 (2012), and also faces the potential of harsher and enhanced punishment. State in the Interest of V.A., 212 N.J. 1, 24-26 (2012). Thus, waiving a juvenile to the adult Criminal Part is considered "'the single most serious act that the juvenile court can perform.'" State v. R.G.D., 108 N.J. 1, 4 (1987) (citation omitted); State in the Interest of Z.S., 464 N.J. Super. 507, 513 (App. Div. 2020). Waiver hearings "mark a critical stage in juvenile proceedings and have significant, long-lasting consequences." State in the Interest of N.H., 226 N.J. 242, 245 (2016).

Prior to 2016, waiver hearings were governed by N.J.S.A. 2A:4A-26. As of 2013, and as applicable to A.D., the statute allowed for waiver on a motion by the prosecutor, without the consent of the juvenile, if the juvenile was fourteen years of age or older at the time of the charged delinquent act, and there was probable cause to believe that the juvenile committed a delinquent act or acts which, if committed by an adult, would constitute sexual assault (among other listed crimes). N.J.S.A. 2A:4A-26(a)(1) and (2)(a). The Attorney General

was required to disseminate guidelines or directives to ensure uniform application of the statute throughout the State. N.J.S.A. 2A:4A-26(f).

In 2000, the Attorney General issued guidelines, as required by the statue. Attorney General Juvenile Waiver Guidelines (March 14, 2000). The Guidelines applied "only to those cases in which the juvenile is not permitted to overcome the waiver application by showing that the probability of rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reason for waiver. N.J.S.A. 2A:4A-26e." Guidelines, at p. 3. Thus, the Guidelines would have applied to the prosecutor's decision making in 2013, in seeking waiver with respect to A.D., because, given his age at the time of the alleged offense and the nature of his alleged offense, he would not be eligible to show the probability of rehabilitation under N.J.S.A. 2A:4A-26(e).

Under the Guidelines, the prosecutor was to consider seven factors in determining whether to file a waiver motion: (1) the nature of the offense, including whether the victim died during the course of the offense, the nature and circumstances of the act, the role of the juvenile, the fact that grave and serious harm was inflicted on the victim or the community, the potential for grave and serious harm to the victim or the community, and the use or possession of a weapon during the course of the offense; (2) the need for specific and

general deterrence; (3) the effect on co-defendants; (4) a comparison of the maximum sentences that may be imposed under the juvenile or criminal codes and the amount of time likely to be served; (5) the juvenile's prior record; (6) the likelihood of conviction and the potential need for a grand jury investigation; and (7) the victim's input. Guidelines, at pp. 5-6; V.A., 212 N.J. at 11-12.

Finally, the Guidelines required that "[t]he assistant prosecutor making the initial waiver decision . . . prepare a written statement of reasons for waiver," with the statement to include "an account of all factors considered and deemed applicable." Guidelines at p. 7. The statement was to be reviewed and approved by the County Prosecutor or his or her designee. Ibid.

In addition to the Guidelines, judicial decisions have required prosecutors to provide complete discovery to the juvenile, N.H., 226 N.J. at 245, and to submit their written statement of reasons with their waiver motions, so Family Part judges could determine whether the reasons were arbitrary. V.A., 212 N.J. at 12; State v. J.M., 182 N.J. 402, 419 (2005); Z.S., 464 N.J. Super. at 515, 533-35. And the court applied an abuse of discretion standard to the prosecutor's decision to seek waiver. V.A., 212 N.J. at 8, 24-26.

In 2015, the Legislature repealed N.J.S.A. 2A:4A-26 and replaced it with N.J.S.A. 2A:4A-26.1. Under the new statute, the age of waiver eligibility was raised to fifteen from fourteen, and the State was required to consider eleven

factors when deciding whether to seek waiver, regardless of the age of the juvenile or the charged offense.  N.J.S.A. 2A:4A-26.1; E.S., 252 N.J. at 342-43. These newly enumerated factors incorporated the seven factors set forth in the Attorney General's 2000 Guidelines and expanded upon them.  N.H., 226 N.J. at 252; Z.S., 464 N.J. Super. at 516-19.

The new statute "continue[d] the strong presumption in favor of waiver for certain juveniles who commit serious acts and maintain[ed] the associated 'heavy burden' on the juvenile to defeat a waiver motion."  Z.S., 464 N.J. Super. at 519 (quoting R.G.D., 108 N.J. at 12).  Further, the new statute continued to entrust the waiver decision to the prosecutor, and retained the deferential, abuse-of-discretion standard of review applicable to the prosecutor's decision.  E.S., 252 N.J. at 342-43; N.H., 226 N.J. at 249; Z.S., 464 N.J. Super. at 519-20, 544.

The State contends that if N.J.S.A. 2A:4A-26.1 applies it may have no option to resolve the case other than by way of trial or plea to second degree Sexual Assault.  Under the reverse waiver provision of N.J.S.A. 2A:4A-26.1(f)(2), if A.D. is not convicted of a Sexual Assault in the Criminal Part then the matter shall be deemed a juvenile adjudication and be remanded to Family Part for disposition, in accordance with the dispositional options available to that court.  In contrast, under the repealed statute, in the Criminal Part, the State could offer the same negotiated resolution to which A.D. pled guilty in 2013,

when he voluntarily pled guilty to third degree Endangering the Welfare of a Child, N.J.S.A. 2C:24-4(a). Therefore, the State asserts that applying the repealed N.J.S.A. 2A:4A-26 to A.D. would potentially benefit him if he were successfully waived to the Criminal Part.

B.

"[W]hether a statute applies retroactively 'is a purely legal question of statutory interpretation.'" J.V., 242 N.J. at 442 (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). Thus, as with all questions of law, we review issues of statutory interpretation de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"When interpreting a statute, 'our overriding goal must be to determine the Legislature's intent.'" Johnson, 226 N.J. at 386 (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 586 (2013)). "[G]enerally, the best indicator of [the Legislature's] intent is the statutory language." Garden State Check Cashing Serv., Inc. v. N.J. Dep't of Banking & Ins., 237 N.J. 482, 489 (2019) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "If the plain language leads to a clear and unambiguous result, then our interpretative process is over." Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) (quoting Johnson, 226 N.J. at 386).

Retroactive application is appropriate where "the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to 'make the statute workable or to give it the most sensible interpretation.'" J.V., 242 N.J. at 444 (quoting Gibbons v. Gibbons, 86 N.J. 515, 522-23 (1981)). "Implied retroactivity may be found from the statute's operation when retroactive application is necessary to fulfill legislative intent." James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 564 (2014).

The plain and unambiguous language of the statue reflects that the Legislature intended the statute to apply prospectively to those juvenile waiver hearings conducted after the statute became effective. A.D.'s voluntary waiver to adult court was deemed to be invalid, and his sentence and the judgment of conviction have both been vacated. Thus, his case is not complete. It is currently pending before the Family Part, with A.D. charged under a juvenile delinquency complaint, and the State having made a new motion for waiver to adult court, a hearing on which will occur well past the statute's effective date. Thus, N.J.S.A. 2A:4A-26.1 applies.

Our decision is supported by N.H., 226 N.J. at 248-49. N.H. was seventeen years old at the time of the charged offense, and the prosecution moved to waive jurisdiction to adult criminal court in 2014, when N.J.S.A.

2A:4A-26 governed juvenile waiver hearings.  Ibid.  In family court, N.H. moved for full discovery before the waiver hearing, and the court granted the motion.  Id. at 247.  We granted the State's motion for leave to appeal and affirmed, as did the Supreme Court.  Id. at 245, 247-48.

By the time the Supreme Court decided the appeal, however, N.J.S.A. 2A:4A-26 had been replaced by N.J.S.A. 2A:4A-26.1.  Id. at 248-49.  In terms of which statute would apply on remand, the Court found that there were "no material differences between the parts of the newly enacted and prior statutes which are relevant to [N.H.'s] appeal," because "[a]s a seventeen-year-old charged with very serious acts, N.H. is covered under both versions of the law."  Id. at 249.

Further, the Court found that:  "Statutory revisions about the process for the waiver decision do not alter existing law in a material way either.  They are largely procedural in nature and encompass prior practice.  As a result, a hearing in this case, after this appeal, would be controlled by the revised waiver statute.  See N.J.S.A. 1:1-15."  Ibid.  Thus, "because of the similarity of the parts of the statutes relevant to this appeal," the Court found it did not need to "conduct a full-blown retroactivity analysis in this case."  Ibid.

The Court stated:

Finally, we emphasize that, by ordering full discovery prior to the waiver hearing, we do not change the parameters of the hearing. The State must offer proof of a juvenile's age and demonstrate probable cause that the juvenile committed an act listed in the statute. N.J.S.A. 2A:4A-26.1(c)(1)-(2). The State must also present evidence that it considered the relevant statutory factors, and its decision is reviewed for abuse of discretion. N.J.S.A. 2A:4A-26.1(b), (c)(3). Full discovery will foster a fair hearing directed toward those important questions; it is not meant to turn a waiver hearing into a full-blown trial, and should not do so.

[Ibid. at 257 (emphasis added).]

N.H. is similar to the present case in that, as a substantive matter, A.D. is eligible to be waived involuntarily to adult criminal court based upon his age at the time of the offense (seventeen), and the specifically charged offense (sexual assault). Thus, as in N.H., the only difference between a waiver hearing for A.D. in 2013, under N.J.S.A. 2A:4A-26, and a waiver hearing on remand after PCR, under N.J.S.A. 2A:4A-26.1, would be procedural. That is, as in N.H., the only differences are the factors the prosecutor must consider in making their motion, and the discovery the prosecutor is obligated to provide in advance of

the waiver hearing. Thus, consistent with <u>N.H.</u>, and N.J.S.A. 1:1-15,[1] it is appropriate to apply the revised statute, N.J.S.A. 2A:4A-26.1.

Applying N.J.S.A. 2A:4A-26.1 to A.D. is also consistent with the Court's decision in <u>J.V.</u> involving a direct appeal from a judgment of conviction entered after a guilty plea. 242 N.J. at 438. The charged conduct occurred in 2013, when the juvenile was seventeen years old, and the alleged offenses, including attempted murder, were statutorily waivable to adult criminal court. <u>Id.</u> at 436-37. The family court had granted the State's motion, made under N.J.S.A. 2A:4A-26, for a waiver of jurisdiction to adult criminal court, where the juvenile pled guilty and was sentenced before the effective date of N.J.S.A. 2A:4A-26.1. <u>Id.</u> at 437-38.

On appeal, the juvenile challenged the court's waiver of jurisdiction, arguing that he was entitled to a new hearing under the recently adopted N.J.S.A. 2A:4A-26.1, and we agreed, holding that N.J.S.A. 2A:4A-26.1 should be applied

---

[1] N.J.S.A. 1:1-15 provides, in pertinent part: "[I]ndictments, prosecutions and actions for such offenses, liabilities, penalties or forfeitures already committed or incurred shall be commenced or continued and be proceeded with in all respects as if the act or part of an act had not been repealed or altered <u>except that when the Revised Statutes, or other act by which such repeal or alteration is effectuated, shall relate to mere matters of practice or mode of procedure, the proceedings had thereafter on the indictment or in the prosecution for such offenses, liabilities, penalties or forfeitures shall be in such respects, as far as is practicable, in accordance with the provisions of the Revised Statutes or such subsequent act</u>." (emphasis added).

retroactively given its ameliorative nature. Id. at 438-39. The Supreme Court reversed, holding that the language of N.J.S.A. 2A:4A-26.1 was "plain and unambiguous," and it was clear that "the Legislature intended the statute to apply prospectively to those juvenile waiver hearings conducted after the statute became effective." Id. at 435, 444. Thus, the Court held that the juvenile, who "was waived to adult court, pled guilty, and was sentenced before the statute became effective," was not entitled to remand for a new waiver hearing under N.J.S.A. 2A:4A-26.1. Id. at 435, 445, 448.

The procedural posture of J.V. is significantly different from the current case. A.D. is not here on direct appeal, seeking remand simply for a new waiver hearing under the revised statute. Instead, A.D.'s 2013 guilty plea, which included a voluntary waiver to adult court, has been vacated, and the case has remanded to the Family Part for further proceedings. Since the hearing will take place after the statute's effective date, J.V. counsels that a new waiver hearing should be conducted under N.J.S.A. 2A:4A-26.1.

This decision does not conflict with our prior decision in Bass. In 1983, Bass was fourteen years old when he was charged with murder; and he was waived to pursuant to N.J.S.A. 2A:4A-26. 457 N.J. Super. at 4. On his fourth petition for PCR, in February 2017, he argued that N.J.S.A. 2A:4A-26.1 should be applied retroactively to his case. Id. at 5. We affirmed the PCR court's denial

14

of the petition, holding that N.J.S.A. 2A:4A-26.1 did not apply because the case had proceeded through the pipeline and concluded prior to the adoption and effective date of N.J.S.A. 2A:4A-26.1. Id. at 8-12. Like J.V., Bass is distinguishable from the present case based upon its procedural posture. A waiver hearing is required in the present case because, unlike in J.V. or Bass, A.D. stands before the court as someone merely charged with an offense—not someone convicted of the charged offense.

Finally, in J.D., 467 N.J. Super. at 347-49, we considered whether N.J.S.A. 2A:4A-26 or N.J.S.A. 2A:4A-26.1 should apply to a waiver hearing, held in the context of alleged sexual assaults that allegedly occurred prior to the 2016 effective date of N.J.S.A. 2A:4A-26.1, when J.D. was a juvenile (between the ages of fifteen and seventeen), but where charges were not brought until 2019. The juvenile sought to apply both statutes, that is, to apply those portions of both statutes "that work best for him." Id. at 352-53. The trial court rejected that argument and held that N.J.S.A. 2A:4A-26.1 applied, and we affirmed. Id. at 347, 349-50. We found the question presented was not whether N.J.S.A. 2A:4A-26.1 applied retroactively. Id. at 355-57. Rather, as a matter of statutory interpretation, we concluded: "[C]onsidering the full context of the plain language in light of the repealed provisions reveals the Legislature's conscious choice to have the current version apply to all waiver hearings taking place after

March 1, 2016, the effective date of the new statute. L. 2015, c. 89, § 1." Id. at 354. J.D. is similar to A.D.'s case in that a waiver hearing is required, and it will take place after the effective date. Therefore, N.J.S.A. 2A:4A-26.1 applies.[2]

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[2] Because N.J.S.A. 2A:4A-26.1 applies, we do not need to decide the issue of judicial estoppel.

16 A-2349-24