**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0433-14T2

STATE OF NEW JERSEY

IN THE INTEREST OF N.H.,

    A Juvenile.

| APPROVED FOR PUBLICATION |
| :---: |
| **July 6, 2015** |
| **APPELLATE DIVISION** |

_____

Argued April 21, 2015 — Decided July 6, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FJ-07-2832-14.

Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant State of New Jersey (Carolyn A. Murray, Acting Essex County Prosecutor, attorney; Mr. Ducoat, of counsel and on the brief).

Jacqueline E. Turner, Assistant Deputy Public Defender, argued the cause for respondent N.H. (Joseph E. Krakora, Public Defender, attorney; Ms. Turner, of counsel and on the brief).

The opinion of the court was delivered by

MANAHAN, J.S.C. (temporarily assigned)

On leave granted, the State appeals an order granting N.H. "full and complete" discovery of the State's "entire file." N.H. was charged in a juvenile complaint with offenses which, if

committed by an adult, would constitute purposeful and knowing murder and unlawful possession of a weapon. After the complaint was filed, the State moved to waive jurisdiction pursuant to N.J.S.A. 2A:4A-26e. We affirm.

The underlying facts which gave rise to the complaint involve a fistfight among high school students. N.H., a participant in the fight, is alleged to have used a handgun taken from a friend's waistband to shoot the decedent four times, including a shot to the back of decedent's head. N.H. later admitted to possessing and firing the handgun, but claimed he shot at the ground.

In her oral decision on the motion, Judge Wasserman held that New Jersey's "open discovery" policy per Rule 3:13-3(a) and the Supreme Court's decision in State ex rel. P.M.P., 200 N.J. 166 (2009), required the State to provide N.H. with the discovery sought.

On appeal, the State argues that given the preliminary stage of the case as pre-waiver and pre-indictment, N.H. is not entitled to full and complete discovery. Rather, the State argues required discovery is only that which is exculpatory and upon which the State will rely to meet its probable cause burden

at the waiver hearing.  In this, the State would serve as the arbiter of what discovery was requisite.[1]

In opposition, N.H. argues that the right to full discovery is triggered upon the filing of the complaint which is the "functional equivalent" of an indictment.  N.H. further argues that the State's position that it may unilaterally determine what constitutes relevant discovery is antithetical to controlling decisions of law and "common sense."

We commence our analysis with that which has been agreed upon by both parties.  That is, neither the Juvenile Code, N.J.S.A. 2A:4A-20 to -48, nor Part V of the Court Rules, explicitly addresses discovery in juvenile cases.  In State in Interest of K.A.W., 104 N.J. 112, 121 (1986), our Supreme Court noted the "practice" for the provision of discovery:

> Even though the Juvenile Code contains no provision for discovery, the custom almost invariable in matters such as this is for the State to open its file to the juvenile, and hence at no time has there been a recommendation from the appropriate Supreme Court committee for us to amend our Rules to structure discovery procedures in juvenile delinquency actions similar to those embodied in our Rules governing criminal practice, Rules 3:13-1 to -4, nor does it appear that any question has ever

---

[1] During oral argument, the State expanded its argument to include a "flood gate" concern if the State was required to provide full discovery prior to a waiver hearing.  We reject this argument as well for the reasons expressed herein.

arisen in that regard. The process has become, commendably, self-regulating. We see no need to intrude at this juncture.

Given the issue in dispute, we find the "practice," almost thirty years after K.A.W., is no longer "self-regulating" and that we are now required to "intrude." Without our intrusion, the discovery practice governing juvenile actions may be guided by a prior disfavored practice of "discovery by grace"[2] or discovery provided by the prosecutor although not compelled by statute, rule or decision.

In the absence of a specific rule, discovery in juvenile cases has been guided by resort to the rules that govern the practice and procedure in adult criminal proceedings.[3] Rule 3:1-1 provides:

> The rules in Part III govern the practice and procedure in all indictable and non-indictable proceedings in the Superior Court Law Division and, insofar as they are applicable, the practice and procedure on indictable offenses in all other courts, including . . . the practice and procedure in juvenile delinquency proceedings in the

---

[2] For a discussion of this practice see, Stephen A. Saltzburg, American Criminal Procedure 709 (2nd ed. 1983).
[3] In accord with Rule 3:13-3(b)(1), upon the return of an indictment, the State is required to provide full and complete discovery to a defendant named in the indictment within seven days.

A-0433-14T2

Chancery Division, Family Part except as otherwise provided for in Part V.[4]

Where no rule within Part V is applicable, courts have referred to Part III rules for guidance. State in Interest of J.R., 244 N.J. Super. 630, 637-39 (App. Div. 1990) (applying, in the absence of a Part V rule on point, Rules 3:9-2 (pleas) and 3:21-4(b) (sentence) to a juvenile proceeding).

---

[4] Prior to December 1983, R. 3:1-1 stated specifically that the rules in Part III governed "the practice and procedure on indictable offenses in all other courts except in juvenile delinquency and criminal proceedings in the juvenile and domestic relations court which are otherwise expressly provided for in Part V." R. 3:3-1 (1982) (emphasis added). So, in practice, the former excluded application of the Part III discovery rules in juvenile court and left it to be "self-regulating."

As of December 1983, Rule 3:1-1 was amended to the current language that specifically states that the Part III discovery rules apply in juvenile proceedings in the family part. Judge Pressler's comment on the 1983 change was: "[t]he amendment . . . makes clear that the trial of juvenile delinquency actions are governed by Part III rules to the extent not otherwise provided by Part V rules. The Part III rules also are applicable to criminal actions tried in the Family Part." Pressler, Current N.J. Court Rules, Special Supplement, Family Part, Special Civil Part, comment on R. 3:1-1 (1984).

In the comments to the 1985 Rules, Judge Pressler noted that the new rule was directly contrary to the previous source rule. Pressler, Current N.J. Court Rules, comment on R. 3:1-1 (1984). Judge Pressler also observed that juvenile proceedings had "become increasingly subject to 'adult' due process requirements," and as such, "it was clearly practicable to effect as close a conformance as possible in the practice in adult and juvenile actions." Pressler, Current N.J. Court Rules, comment on R. 3:1-1 (1984). The juvenile courts were abolished in 1983.

The core of the State's argument in support of limited discovery is that the waiver hearing with its less demanding burden of persuasion of "probable cause" requires the provision of only that discovery deemed relevant for the juvenile to defend the State's application. The argument is also premised on the proposition that in "preliminary" proceedings the State may arrogate to itself the role of "architect of discovery." We disagree.

The safeguards implicated by provision of full discovery to N.H. after the complaint was filed are not abrogated because a determination is pending whether the case should be transferred to adult court per N.J.S.A. 2A:4A-26. This is so since the critical and significant consequences which flow from the complaint alone, filed prior to the prosecutor's referral, implicate potential substantial deprivation of N.H.'s personal liberty. Should N.H. be adjudicated delinquent on the charges in the complaint, he is subject to twenty years' incarceration on the murder charge, N.J.S.A. 2A:4A-44d(1)(a), and three years' incarceration on the possession of a weapon charge. N.J.S.A. 2A:4A-44d(1)(d).[5]

---

[5] Should N.H. be extended term eligible he could be subject to an additional five years. N.J.S.A. 2A:4A-44d(3).

As the judge noted in her decision, our Supreme Court has explicitly addressed the complaint's critical stage in the juvenile process albeit on the issue of when the right to counsel attached in P.M.P., supra, 200 N.J. at 166. In P.M.P., the Court held "when the Prosecutor's Office initiates a juvenile complaint and obtains a judicially approved arrest warrant, a critical stage in the proceeding has been reached, implicating the juvenile's statutory right to counsel." Id. at 178. As P.M.P. noted "when the Prosecutor's Office files a juvenile complaint, it already has determined that it has a prima facie case against the defendant. Consequently, because the juvenile does not have the right to indictment, the filing of the complaint . . . takes on added significance." Id. at 177. Here, as in P.M.P., the complaints were signed under oath by a detective from the Essex County Prosecutor's Office.

The standard for determining the provision of discovery must take into consideration the guiding principle that "liberal" discovery is the rule and that "limited" discovery is the exception. See, e.g., Jenkins v. Rainner, 69 N.J. 50, 56 (1976) (discussing "the tide flowing toward a wider scope of discovery."). Full discovery at the earliest stage in the proceedings promotes fairness for both the juvenile facing charges and the State. See State in Interest of A.B., 219 N.J.

542, 555-56 (2014); see also R. 3:13-3(b)(2) (providing for discovery by the State).

In reaching our decision we do not suggest or comment on the wisdom of an amendment to the Juvenile Code or to the Court Rules to provide for discovery procedures in a juvenile delinquency action. We leave that determination to the legislature and the appropriate Supreme Court committee. Rather, we have "intruded" on the existing "practice" to confirm a juvenile's right to full discovery at a critical stage in the proceeding; a right which vests upon the filing of the juvenile complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0433-14T2