SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State of New Jersey in the Interest of N.H.** **(A-4-15) (076316)**

**Argued April 11, 2016 -- Decided August 10, 2016**

**RABNER, C.J., writing for a unanimous Court.**

The issue in this appeal is whether a juvenile is entitled to full discovery when the State seeks to waive jurisdiction and transfer a case from juvenile to adult court.

This case arises out of a fistfight among high school students outside of a school on June 10, 2014.  What began as a fight between two students, C.W. and D.W., ended in the death of one of them.  N.H., who was seventeen years old at the time, attended the fight to support his friend, D.W.  N.H. allegedly grabbed a handgun from another individual and shot C.W. four times, including once in the back of the head.  A video captured parts of the incident, and several witnesses made statements to the police that implicated N.H.  N.H. also spoke to the police and said that he had shot only at the ground.

On June 11, 2014, N.H. was charged with acts of delinquency which, if committed by an adult, would constitute murder, unlawful possession of a weapon, and possession of a firearm for an unlawful purpose.  On June 20, 2014, the State filed a motion to transfer jurisdiction from the Family Part to adult criminal court and submitted a statement of reasons in support of its waiver application.  On July 11, 2014, the State provided the following discovery to counsel for N.H.:  an incident report dated June 10, 2014; a DVD of N.H.'s recorded statement; DVDs of recorded statements by D.W. and another juvenile present at the fight; a detective's "continuation report" dated June 11, 2014; video surveillance footage from the high school where the fight took place; an autopsy report; and N.H.'s birth certificate.  On August 8, 2014, the State disclosed additional items it intended to use at the waiver hearing:  DVDs of two recorded statements by A.H., another witness to the event.  The State also represented that it did not possess any exculpatory evidence.

At oral argument before this Court, the State explained that it has not disclosed certain other items in its possession which it does not intend to rely on at the waiver hearing.  Those materials include additional witness statements, other police reports, and other videos of the event taken from different angles.

N.H. moved for full discovery before the waiver hearing, and the trial court granted the request.  The court analogized the filing of a juvenile complaint to the filing of a criminal indictment, which would trigger full discovery under Rule 3:13-3(b).  The trial court stayed its order pending the outcome of the State's motion for leave to appeal.

The Appellate Division granted the motion and affirmed the trial court's order.  441 N.J. Super. 347 (App. Div. 2015).  The panel observed that neither the New Jersey Code of Juvenile Justice, N.J.S.A. 2A:4A-20 to -48, nor the court rules "explicitly address[] discovery in juvenile cases." Id. at 349.  The panel thus looked to the rules that govern adult criminal proceedings for guidance.  The panel confirmed that, because of "the critical and significant consequences" that "flow from the [juvenile] complaint alone," juveniles have the "right to full discovery . . . upon the filing of the juvenile complaint." Id. at 351-52.

The Supreme Court granted the State's motions for leave to appeal and for a stay.  223 N.J. 160 (2015).

**HELD:** The State is required to disclose all discovery in its possession when it seeks to waive jurisdiction and transfer a case from juvenile to adult court.

1. The Juvenile Code allows prosecutors to seek to proceed in adult court against juveniles who have committed certain serious offenses.  At the time the State moved for waiver in this case, N.J.S.A. 2A:4A-26 governed juvenile waiver hearings.  That statute has since been repealed and replaced by N.J.S.A. 2A:4A-26.1.  There are no material differences between the relevant parts of the newly enacted and prior statutes.  As a seventeen-year-old charged with very serious acts, N.H. is covered under both versions of the law.  The new waiver law codifies the factors that prosecutors must consider and requires them to submit a written statement of reasons that is reviewed for abuse of

discretion. The statement of reasons should apply the factors to the individual juvenile and not simply mirror the statutory language in a cursory fashion. At the waiver hearing, the court must "review whether the State considered" all eleven factors set forth in the statute, N.J.S.A. 2A:4A-26.1(b), and determine whether "the prosecutor abused his discretion in considering [those] factors in deciding whether to seek a waiver," N.J.S.A. 2A:4A-26.1(c)(3). The court may deny a waiver motion "if it is clearly convinced that the prosecutor abused his discretion." N.J.S.A. 2A:4A-26.1(c)(3). (pp. 7-13)

2. The waiver of a juvenile to adult court "is the single most serious act that the juvenile court can perform." See State v. R.G.D., 108 N.J. 1, 4-5 (1987) (quoting P. Hahn, The Juvenile Offender and the Law 180 (3d ed. 1984)). Once waiver occurs, the child loses the protections and opportunities for rehabilitation which the Family Part affords. Ibid. The child also faces the real possibility of a stiffer adult sentence. Id. at 11-12. Because waiver of jurisdiction is a "critically important action" that determines "vitally important statutory rights of the juvenile," due process requires that juveniles receive a hearing, effective assistance of counsel who have access to relevant information, and a statement of reasons for the court's decision. Kent v. United States, 383 U.S. 541, 557 (1966). Because of the "heightened importance" of juvenile waiver hearings, juveniles are afforded greater rights than those of adults at comparable probable cause hearings. (pp. 13-14)

3. Neither the Juvenile Code nor the Court Rules discuss discovery in juvenile cases. Courts have looked to the rules that govern adult criminal proceedings (Part III of the Court Rules) for guidance when, as here, the Family Part rules are silent. Three decades ago, this Court took note of the State's custom to "open its file" in juvenile cases and provide discovery to juveniles even though no court rule addressed the topic. See State in Interest of K.A.W., 104 N.J. 112, 121 (1986). The filing of a juvenile complaint in the Family Part triggers the State's discovery obligation. If there is no waiver motion and a delinquency matter remains in the Family Part, the juvenile is entitled to full discovery prior to a hearing on the merits. If there is a waiver motion, the State should disclose all discovery in its possession soon after it seeks waiver to adult court. Also, the State is required to turn over materials within its "possession, custody or control" prior to the hearing. See R. 3:13-3(b)(1)(C), (E), (G), (H); see also State in Interest of A.B., 219 N.J. 542, 556 (2014). Other relevant items that later come into the State's possession will be disclosed as part of the State's continuing discovery obligation. See R. 3:13-3(f). Full discovery will foster a fair hearing, but it is not meant to turn a waiver hearing into a full-blown trial, and should not do so. (pp. 14-20)

4. The State may apply for a protective order to redact, delay, or withhold the disclosure of materials that would expose witnesses and others to harm, hinder or jeopardize ongoing investigations or prosecutions, undermine the secrecy of informants and confidential information which the law recognizes, or compromise some other legitimate interest. See R. 3:13-3(a)(1), (e)(1). (p. 19)

5. The statutes and Court Rules do not expressly address discovery in juvenile cases. To clarify this area of law, the Family Practice and Criminal Practice Committees are being asked to develop a proposed rule to regulate timely discovery in juvenile proceedings, consistent with the relevant statutes and this decision. (p. 20)

The judgment of the Appellate Division is **AFFIRMED**. The State is required to provide N.H. full discovery of relevant materials in its possession before his waiver hearing.

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON and JUDGE CUFF (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.**

STATE OF NEW JERSEY

IN THE INTEREST OF N.H.,

    A Juvenile.


        Argued April 11, 2016 – Decided August 10, 2016

        On appeal from the Superior Court, Appellate
        Division, whose opinion is reported at 441
        N.J. Super. 347 (App. Div. 2015).

        Frank J. Ducoat, Special Deputy Attorney
        General/Acting Assistant Prosecutor, argued
        the cause for appellant State of New Jersey
        (Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney).

        Matthew Astore, Assistant Deputy Public
        Defender, argued the cause for respondent
        N.H. (Joseph E. Krakora, Public Defender,
        attorney).

        Laura A. Cohen argued the cause for amici
        curiae American Civil Liberties Union of New
        Jersey Foundation, Advocates for Children of
        New Jersey, Campaign for Youth Justice,
        National Juvenile Defender Center, New
        Jersey Institute for Social Justice,
        Northeast Juvenile Defender Center and
        Rutgers Law School Children's Justice Clinic
        (Rutgers Criminal and Youth Justice Clinic
        and Rutgers Constitutional Litigation
        Clinic, attorneys; Ms. Cohen, Ronald K.
        Chen, Alexander R. Shalom, and Rebecca J.
        Livengood, on the brief).


        CHIEF JUSTICE RABNER delivered the opinion of the Court.

Thirty years ago, this Court took note of the State's custom to "open its file" in juvenile cases and provide discovery to juveniles even though no court rule addressed the topic. See State in Interest of K.A.W., 104 N.J. 112, 121 (1986). In this case, the State seeks to proceed against a juvenile as an adult but has provided only partial discovery of the materials in its possession before the waiver hearing. We therefore face a legal question of first impression: whether a juvenile is entitled to full discovery when the State seeks to waive jurisdiction and transfer a case from juvenile to adult court.

On a number of prior occasions, we have recognized how important waiver hearings are. They mark a critical stage in juvenile proceedings and have significant, long-lasting consequences.

At the hearing, the trial court must not only find probable cause that the juvenile committed an act covered by the waiver statute; it must also be satisfied that the prosecutor did not abuse his discretion when considering a series of statutory factors to decide whether to seek a waiver. N.J.S.A. 2A:4A-26.1(c)(2)-(3). Full discovery at this critical stage would enable the juvenile and counsel to prepare for all facets of the hearing.

We rely on our supervisory authority under the State Constitution to require the State to disclose all discovery in its possession before the waiver hearing.  When necessary, the State may apply for a protective order to delay disclosure.  We therefore affirm the judgment of the Appellate Division, which upheld the trial court's order granting complete discovery.

I.

The prosecutor's statement of reasons in support of waiver sets forth the relevant background facts.  This case arises out of a fistfight among high school students outside of a school on June 10, 2014.  What began as a fight between two students, C.W. and D.W., ended in the death of one of them.

N.H., who was seventeen years old at the time, attended the fight to support his friend, D.W.  N.H. allegedly grabbed a handgun from another individual and shot C.W. four times, including once in the back of the head.  A video captured parts of the incident, and several witnesses made statements to the police that implicated N.H.  N.H. also spoke to the police and said that he had shot only at the ground.

On June 11, 2014, N.H. was charged with acts of delinquency which, if committed by an adult, would constitute murder, N.J.S.A. 2C:11-3(a), unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a).  The following week, on June 20, 2014, the

3

State filed a motion to transfer jurisdiction from the Family Part to adult criminal court.  The State submitted a statement of reasons in support of its waiver application.

The State provided the following discovery to counsel for N.H. on July 11, 2014:  an incident report dated June 10, 2014; a DVD of N.H.'s recorded statement; DVDs of recorded statements by D.W. and another juvenile present at the fight; a detective's "continuation report" dated June 11, 2014; video surveillance footage from the high school where the fight took place; an autopsy report; and N.H.'s birth certificate.  On August 8, 2014, the State disclosed additional items it intended to use at the waiver hearing:  DVDs of two recorded statements by A.H., another witness to the event.  The State also represented that it did not possess any exculpatory evidence.

At oral argument before this Court, the State explained that it has not disclosed certain other items in its possession which it does not intend to rely on at the waiver hearing. Those materials include additional witness statements, other police reports, and other videos of the event taken from different angles.

N.H. moved for full discovery before the waiver hearing, and the trial court granted the request.  The court analogized the filing of a juvenile complaint to the filing of a criminal indictment, which would trigger full discovery under Rule 3:13-

4

3(b). The trial court stayed its order pending the outcome of the State's motion for leave to appeal.

The Appellate Division granted the motion and affirmed the trial court's order. State in Interest of N.H., 441 N.J. Super. 347 (App. Div. 2015). The panel observed that neither the New Jersey Code of Juvenile Justice, N.J.S.A. 2A:4A-20 to -48, nor the court rules "explicitly address[] discovery in juvenile cases." Id. at 349. The panel thus looked to the rules that govern adult criminal proceedings for guidance. Id. at 350. The panel confirmed that, because of "the critical and significant consequences" that "flow from the [juvenile] complaint alone," juveniles have the "right to full discovery . . . upon the filing of the juvenile complaint." Id. at 351-52.

We granted the State's motions for leave to appeal and for a stay. 223 N.J. 160 (2015).

## II.

The State argues that a juvenile's rights are protected at a waiver hearing when the State discloses "everything it will introduce to establish probable cause, as well as any exculpatory evidence in its possession." To require full discovery "so early in the case," the State maintains, "will cause substantial delay in holding waiver hearings and risk jeopardizing the State's ongoing investigation, while at the same time, provide the juvenile with no tangible benefits."

5

According to the State, full discovery is called for only after a Family Part judge decides whether to waive a case to adult court. The State also notes that recent changes to the juvenile waiver statute do not expand the scope of the waiver hearing or alter the State's position.

N.H. counters that, because the filing of a juvenile complaint is the equivalent of an indictment, the right to full discovery "certainly" begins "before the waiver hearing." He contends that, just as adults are entitled to complete discovery seven days after indictment under Rule 3:13-3(b)(1), juveniles should receive full discovery seven days after the filing of a juvenile complaint. To hold otherwise, N.H. claims, would undervalue the critical importance of the waiver hearing and allow the State to decide unilaterally what evidence a juvenile will receive before the hearing.

We granted leave to appear as amicus curiae to the following groups, which submitted a joint brief: the American Civil Liberties Union of New Jersey, Advocates for Children of New Jersey, the Campaign for Youth Justice, the National Juvenile Defender Center, the New Jersey Institute for Social Justice, the Northeast Juvenile Defender Center, and the Rutgers Law School Children's Justice Clinic.

Amici argue that waiver is a critical stage and that "an adverse determination results in heightened and profound harms."

6

They stress, among other things, the "serious direct and collateral consequences for youth" that adult convictions carry. Amici contend that waiver proceedings demand robust due process protections, and that full discovery is necessary to ensure effective assistance of counsel. In addition, amici request that the Court exercise its rule-making authority and promulgate a pre-trial discovery rule specific to juvenile delinquency matters.

III.

A.

The Juvenile Code allows prosecutors to seek to proceed in adult court against juveniles who have committed certain serious offenses. In this case, the State moved to waive jurisdiction by the Family Part in June 2014. At the time, N.J.S.A. 2A:4A-26 governed juvenile waiver hearings. That statute has since been repealed and replaced by N.J.S.A. 2A:4A-26.1, which went into effect on March 1, 2016. L. 2015, c. 89, § 1.

As discussed below, there are no material differences between the parts of the newly enacted and prior statutes which are relevant to this appeal. As a seventeen-year-old charged with very serious acts, N.H. is covered under both versions of the law. Compare N.J.S.A. 2A:4A-26(a)(1), (a)(2)(a), (e) (repealed), with N.J.S.A. 2A:4A-26.1(c)(1), (c)(2)(a). Statutory revisions about the process for the waiver decision do

7

not alter existing law in a material way either. They are largely procedural in nature and encompass prior practice. As a result, a hearing in this case, after this appeal, would be controlled by the revised waiver statute. See N.J.S.A. 1:1-15. To be clear, because of the similarity of the parts of the statutes relevant to this appeal, we need not conduct a full-blown retroactivity analysis in this case. See State in the Interest of J.F., ___ N.J. Super. ___ (App. Div. 2016) (slip op. at 20-31) (conducting retroactivity analysis and focusing, in particular, on statute's change in minimum age for juvenile waiver from fourteen to fifteen).

Over the years, the Legislature has revised the waiver statute on a number of occasions. See L. 1982, c. 77, § 7; L. 1987, c. 106, § 23; L. 1991, c. 30, § 1; L. 1991, c. 83, § 3; L. 1991, c. 91, § 6; L. 1999, c. 373, § 1; L. 2003, c. 39, § 8; L. 2007, c. 341, § 3; L. 2015, c. 89, § 1. Under the current and prior versions of the law, the prosecutor has discretion to decide whether to seek waiver. See N.J.S.A. 2A:4A-26.1(c)(3); State in the Interest of V.A., 212 N.J. 1, 8 (2012) (interpreting N.J.S.A. 2A:4A-26)).

Recent iterations of the law, as well as the current statute, focus on the prosecutor's exercise of discretion. In 1999, the Legislature called upon the Attorney General to develop guidelines for county prosecutors "to ensure the uniform

8

application" of waiver decisions.  L. 1999, c. 373, § 1 (codified as N.J.S.A. 2A:4A-26(f)), repealed by L. 2015, c. 89, § 6, eff. Mar. 1, 2016.  The Legislature acted "to eliminate arbitrariness or abuse of discretionary power."  State v. J.M., 182 N.J. 402, 419 (2005) (citation omitted).  In response, the Attorney General published guidelines that instructed prosecutors to consider the following factors in deciding whether to seek waiver:  (1) the nature of the offense; (2) the need for deterrence; (3) the effect of waiver on the prosecution of any co-defendants; (4) the maximum sentence and length of time served; (5) the juvenile's prior record; (6) the likelihood of conviction and the potential need for a grand jury investigation; and (7) the victim's input.  Attorney General's Juvenile Waiver Guidelines 5-6 (Mar. 14, 2000) (Guidelines).

The Guidelines also directed assistant prosecutors who made initial waiver decisions to "prepare a written statement of reasons for waiver" that accounted for the above factors.  Id. at 7.  In J.M., supra, the Court required prosecutors to include the statement of reasons as part of the waiver motion so that judges could review the State's reasons and "determine that the reasons for seeking waiver [were] not arbitrary."  182 N.J. at 419.  Courts reviewed the prosecutor's decision for abuse of discretion.  V.A., supra, 212 N.J. at 8.

9

The new waiver law appears to have adopted parts of the Guidelines and case law. The statute codifies the factors that prosecutors must consider and requires them to submit a written statement of reasons that is reviewed for abuse of discretion. See N.J.S.A. 2A:4A-26.1(a), (b), (c)(3).

Under the current law, the prosecutor has sixty days after receipt of a juvenile complaint to file a motion for waiver of jurisdiction by the "Family Part to an appropriate court." N.J.S.A. 2A:4A-26.1(a). (The prior law allotted thirty days. N.J.S.A. 2A:4A-26(d).) That period of time can be extended for good cause. N.J.S.A. 2A:4A-26.1(a). The motion must include a statement of reasons that sets forth the facts used to assess certain factors listed in the statute, together with an explanation about how those facts support waiver. Ibid. The statement of reasons should apply the factors to the individual juvenile and not simply mirror the statutory language in a cursory fashion. See V.A., supra, 212 N.J. at 26-27 (discussing Attorney General guidelines).

The current law also outlines different facets of the waiver hearing. To begin with, the prosecution must offer proof of two things: (1) that the juvenile was fifteen years or older at the time of the alleged delinquent act, N.J.S.A. 2A:4A-26.1(c)(1), (as compared to fourteen years or older under the prior law, N.J.S.A. 2A:4A-26(a)(1)); and (2) that there is

10

probable cause to believe that the act, if committed by an adult, would constitute one of a number of listed offenses, N.J.S.A. 2A:4A-26.1(c)(2); see also State in the Interest of A.D., 212 N.J. 200, 204 (2012) (discussing probable cause standard under N.J.S.A. 2A:4A-26(a)(2)). The list includes criminal homicide, first-degree robbery, carjacking, sexual assault, kidnapping, aggravated arson, and certain firearms violations, among other offenses. N.J.S.A. 2A:4A-26.1(c)(2). The prior statute contains a similar list. N.J.S.A. 2A:4A-26(a)(2). As is evident from both lists, waiver hearings typically involve the most serious offenses.

The waiver hearing also has another component. The court must "review whether the State considered" eleven factors set forth in the statute, N.J.S.A. 2A:4A-26.1(b), and determine whether "the prosecutor abused his discretion in considering [those] factors in deciding whether to seek a waiver," N.J.S.A. 2A:4A-26.1(c)(3).[1] Those requirements are consistent with J.M., supra, 182 N.J. at 419. The court may deny a waiver motion "if it is clearly convinced that the prosecutor abused his discretion." N.J.S.A. 2A:4A-26.1(c)(3).

---

[1] Based on the language of the statute, it appears that the State has an affirmative obligation to show that it assessed all the factors, N.J.S.A. 2A:4A-26.1(a), which the court "shall review," N.J.S.A. 2A:4A-26.1(b). If the defense then challenges the prosecutor's exercise of discretion under section (c)(3), the court must resolve that issue as well.

11

The eleven factors prosecutors must consider under the statute are as follows:

> (a) The nature and circumstances of the offense charged;
>
> (b) Whether the offense was against a person or property, allocating more weight for crimes against the person;
>
> (c) Degree of the juvenile's culpability;
>
> (d) Age and maturity of the juvenile;
>
> (e) Any classification that the juvenile is eligible for special education to the extent this information is provided to the prosecution by the juvenile or by the court;
>
> (f) Degree of criminal sophistication exhibited by the juvenile;
>
> (g) Nature and extent of any prior history of delinquency of the juvenile and dispositions imposed for those adjudications;
>
> (h) If the juvenile previously served a custodial disposition in a State juvenile facility operated by the Juvenile Justice Commission, and the response of the juvenile to the programs provided at the facility to the extent this information is provided to the prosecution by the Juvenile Justice Commission;
>
> (i) Current or prior involvement of the juvenile with child welfare agencies;
>
> (j) Evidence of mental health concerns, substance abuse, or emotional instability of the juvenile to the extent this information is provided to the prosecution by the juvenile or by the court; and
>
> (k) If there is an identifiable victim, the input of the victim or victim's family.

[N.J.S.A. 2A:4A-26.1(c)(3).]

Those factors encompass and expand upon the factors listed in the Guidelines.[2]

B.

Existing case law highlights how important the juvenile waiver decision is. As this Court observed decades ago, the waiver of a juvenile to adult court "is the single most serious act that the juvenile court can perform." See State v. R.G.D., 108 N.J. 1, 4-5 (1987) (quoting P. Hahn, The Juvenile Offender and the Law 180 (3d ed. 1984)). The Court explained that, once waiver occurs, the child loses the protections and opportunities for rehabilitation which the Family Part affords. Ibid. The child also faces the real possibility of a stiffer adult sentence. Id. at 11-12.

Because waiver of jurisdiction is a "critically important action" that determines "vitally important statutory rights of the juvenile," due process requires that juveniles receive a hearing, effective assistance of counsel who have access to relevant information, and a statement of reasons for the court's decision. Kent v. United States, 383 U.S. 541, 557, 86 S. Ct.

---

[2] Rule 5:22-2 also addresses waiver hearings and is in the process of being updated to reflect the new statute. See Supreme Court Family Practice Committee Juvenile Waiver Report (May 26, 2016) (proposing rule amendments).

13

1045, 1055, 16 L. Ed. 2d 84, 95 (1966). We have also noted the critical nature of waiver hearings and underscored the need for "appropriate notice and a meaningful opportunity to be heard." J.M., supra, 182 N.J. at 411 (citations omitted). In fact, because of the "heightened importance" of juvenile waiver hearings, we modified our rules to afford juveniles greater rights than adults have at comparable probable cause hearings. Id. at 415-16. Based on "considerations of fairness," and "[g]iven our conclusion that the probable cause portion of the waiver hearing . . . is such a meaningful and critical stage of the proceedings," we required that juveniles be allowed to present evidence and testify at waiver hearings. Id. at 416.

More recently, we noted that when a prosecutor files a juvenile complaint and gets an arrest warrant, "a critical stage in the proceeding has been reached." State ex rel. P.M.P., 200 N.J. 166, 178 (2009). That, in turn, implicates the right to counsel under the Juvenile Code and means that juveniles cannot be asked to waive the right at that stage without an attorney present. Ibid. (interpreting N.J.S.A. 2A:4A-39).

C.

Neither the Juvenile Code nor the Court Rules discuss discovery in juvenile cases. Part V of the Court Rules applies to actions in the Family Part but does not expressly address discovery in juvenile cases. In the absence of a relevant rule

14

in Part V, "[j]uvenile delinquency actions shall be governed by the rules in Part III." R. 5:1-1. Accordingly, courts have looked to Part III of the Court Rules for guidance when, as here, the Family Part rules are silent. N.H., supra, 441 N.J. Super. at 351 (citing State in Interest of J.R., 244 N.J. Super. 630, 637-39 (App. Div. 1990)).

Three decades ago, this Court took note of the prevailing discovery practice in juvenile cases:

> Even though the Juvenile Code contains no provision for discovery, the custom -- almost invariable in matters such as this -- is for the State to open its file to the juvenile, and hence at no time has there been a recommendation from the appropriate Supreme Court committee for us to amend our Rules to structure discovery procedures in juvenile delinquency actions similar to those embodied in our Rules governing criminal practice, Rules 3:13-1 to -4, nor does it appear that any question has ever arisen in that regard. The process has become, commendably, self-regulating. We see no need to intrude at this juncture.
>
> [K.A.W., supra, 104 N.J. at 121.]

K.A.W. did not focus specifically on juvenile waiver hearings, and the State could not confirm at oral argument in this case whether a uniform practice in that area exists today. We therefore consider what discovery is required in connection with waiver hearings.

Whatever decision the prosecutor reaches about waiver, the filing of a juvenile complaint in the Family Part triggers the

15

State's discovery obligation.  The State is obliged to make full discovery available to a juvenile before a hearing is held to adjudicate the complaint.  In other words, if there is no waiver motion and a delinquency matter remains in the Family Part, the juvenile is entitled to full discovery prior to a hearing on the merits.

In criminal proceedings for adults, Rule 3:13-3 governs discovery practices.  The rule requires the State to provide full discovery when the State makes a pre-indictment plea offer, R. 3:13-3(a), or within seven days of the return of an indictment, R. 3:13-3(b)(1).  The State acknowledges that it also has an ongoing obligation to disclose exculpatory evidence.

In some cases, a waiver hearing might be held relatively early in the proceedings -- earlier than an indictment would be returned in the case of an adult.  Under the new statute, the State has sixty days after the juvenile's receipt of a complaint to move to waive jurisdiction, N.J.S.A. 2A:4A-26.1(a), and a hearing follows at a later time.  Here, the State moved for waiver of jurisdiction just ten days after it filed a complaint. Regardless, it is difficult to justify disclosure of less than full discovery in the State's possession when juvenile proceedings turn more serious.

As noted above, the waiver hearing is a critically important event with serious, lasting consequences for a

16

juvenile.  The hearing determines whether a matter will be moved

from the Family Part, with its emphasis on rehabilitation, see

R.G.D., supra, 108 N.J. at 5, to adult criminal court.  As a

juvenile with no prior record, N.H. faces up to twenty years'

incarceration if he is adjudicated delinquent on the charge that

constitutes murder.  N.J.S.A. 2A:4A-44(d)(1)(a).  If convicted

as an adult, N.H. will be sentenced to a minimum term of thirty

years' imprisonment without being eligible for parole.  N.J.S.A.

2C:11-3(b)(1).  In addition, upon release after an adult

conviction, N.H. will have an adult record and will have a more

difficult time reintegrating into society.  Amici also argue

that N.H. would face "substantial physical, emotional, and

developmental harms" from incarceration in an adult prison.  To

be sure, the decision to waive jurisdiction is significant.

In addition, the hearing involves more than just a

determination of probable cause.  As a first step, the court

must be satisfied that there is probable cause to believe that

the juvenile committed one of the delinquent acts listed in the

statute.  N.J.S.A. 2A:4A-26.1(c)(2).  Beyond that, under the new

law as well as the old, the prosecutor's decision to seek waiver

is subject to review -- at the hearing -- for abuse of

discretion.  See N.J.S.A. 2A:4A-26.1(c)(3); V.A., supra, 212

N.J. at 8; J.M., supra, 182 N.J. at 419.  And certain factors

that the prosecutor must consider extend beyond the question of

17

probable cause.  See, e.g., N.J.S.A. 2A:4A-26.1(c)(3)(h) (juvenile's response to Juvenile Justice Commission programs provided during prior sentence); N.J.S.A. 2A:4A-26.1(c)(3)(i) (current or prior involvement with child welfare agencies).

Full discovery facilitates the court's review of all the issues to be addressed at the hearing.  Full discovery also enables the juvenile and counsel to prepare for all facets of the hearing and decide how best to cross-examine the State's witnesses, whether the juvenile or others should testify, and how to assess and challenge the prosecutor's exercise of discretion.[3]

We note, as well, that the State has not presented persuasive reasons, in general, why it should not disclose relevant materials in its possession before a waiver hearing. The State concedes that full disclosure in this case would not raise any concerns.

Because of the critical nature of juvenile waiver proceedings, and to ensure fairness at this essential stage, we conclude that the State should disclose all discovery in its

---

[3]  See Kent, supra, 383 U.S. at 557, 86 S. Ct. at 1055, 16 L. Ed. 2d at 95 (finding that counsel for juvenile is entitled to access "to the social records and probation or similar reports which presumably are considered by the court" in its decision on waiver, based on "statute read in the context of constitutional principles relating to due process and the assistance of counsel").

18

possession soon after it seeks to waive jurisdiction in a juvenile matter and proceed in adult court. We rely on the Court's supervisory authority under Article VI, Section 2, Paragraph 3 of the State Constitution to regulate the discovery practice in juvenile proceedings. See N.J. Const. art. VI, § 2, ¶ 3 (providing Supreme Court authority to "make rules governing the administration of all courts in the State and, subject to the law, the practice and procedure in all such courts"); J.M., supra, 182 N.J. at 415-16.

The State may apply for a protective order to redact, delay, or withhold the disclosure of materials that would expose witnesses and others to harm, hinder or jeopardize ongoing investigations or prosecutions, undermine the secrecy of informants and confidential information which the law recognizes, or compromise some other legitimate interest. See R. 3:13-3(a)(1), (e)(1).

We also note that the State is required to turn over materials within its "possession, custody or control" prior to the hearing. See R. 3:13-3(b)(1)(C), (E), (G), (H); see also State in Interest of A.B., 219 N.J. 542, 556 (2014) (noting request to inspect victim's home fell outside scope of automatic discovery in Rule 3:13-3(b) because home was not within "possession, custody or control" of prosecutor). As a result, if, for example, the State decides to seek a waiver hearing

19

before lab tests are completed, the results, as well as other relevant items that later come into the State's possession, will be disclosed as part of the State's continuing discovery obligation. R. 3:13-3(f). That approach would not cause the State to delay the filing of a waiver motion.

Finally, we emphasize that, by ordering full discovery prior to the waiver hearing, we do not change the parameters of the hearing. The State must offer proof of a juvenile's age and demonstrate probable cause that the juvenile committed an act listed in the statute. N.J.S.A. 2A:4A-26.1(c)(1)-(2). The State must also present evidence that it considered the relevant statutory factors, and its decision is reviewed for abuse of discretion. N.J.S.A. 2A:4A-26.1(b), (c)(3). Full discovery will foster a fair hearing directed toward those important questions; it is not meant to turn a waiver hearing into a full-blown trial, and should not do so.

D.

As noted, the statutes and Court Rules do not expressly address discovery in juvenile cases. To clarify this area of law, we ask the Family Practice and Criminal Practice Committees to develop a proposed rule to regulate timely discovery in juvenile proceedings, consistent with the relevant statutes and this decision.

IV.

For the reasons stated above, we affirm the judgment of the Appellate Division and require the State to provide N.H. full discovery of relevant materials in its possession before his waiver hearing.


JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON and JUDGE CUFF (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.