# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0822-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.D.,

     Defendant-Appellant.

_____

     Submitted March 24, 2025 – Decided July 23, 2025

     Before Judges Sabatino and Jacobs.

     On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 22-03-0370.

     Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

     William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Courtney Cittadini, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal, we decide a single question: whether the Family Part judge erred in finding the State did not abuse its discretion in seeking a jurisdictional waiver and involuntary transfer of juvenile defendant J.D.[1] to the Criminal Part to face prosecution for multiple sexual offenses. Having reviewed the record and applicable principles of law, we determine the judge did not err and affirm.

I.

In September 2020, when defendant was seventeen-and-a-half-years old, his stepfather (T.H.), observed a video on defendant's phone of him vaginally penetrating his nine-year-old stepsister, A.H. T.H. informed defendant's mother, S.H., who contacted the New Jersey Division of Child Protection and Permanency ("DCPP" or the "Division"). DCPP referred the matter to the Atlantic County Prosecutor's Office ("ACPO"). A.H. was interviewed by a sergeant from ACPO and confirmed the details of the assault. After securing a warrant, detectives obtained other videos of sexual assaults from J.D.'s phone. One video showed M.B., a six-year-old, standing and performing oral sex on defendant. Defendant can be heard telling the child, "Keep sucking it, you said you liked it." Another video involved a three-year-old victim performing oral sex on defendant. In all, evidence was collected relating to acts of penetration

---

[1] We use initials to protect the minors' privacy interests. R. 1:38-3(d)(12).

A-0822-23

against four of defendant's female relatives whose ages were three, six, nine, and thirteen at the time of the assault.

After completing its investigation, the ACPO formally charged defendant. The State issued multiple charges for what in adult criminal court would constitute the offenses of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(A), second-degree photographing or filming a child performing a prohibited sexual act, N.J.S.A. 2C:24-4(b)(4), and second- and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1); 2C:24-4(b)(4).

Waiver Proceeding

The State submitted its first Statement of Reasons in support of its motion for waiver of jurisdiction in June 2021, issuing a supplemental letter in support in October 2021, after reviewing an evaluation by psychologist retained by defendant, Dr. David Bogacki. Dr. Bogacki submitted a report diagnosing J.D. with pedophilia disorder and attention deficit hyperactivity disorder, among other disorders. He opined that these disorders combined to cause J.D. to be psychologically about two or three years below his chronological age. He further opined that J.D., who has no prior juvenile record, could be rehabilitated, militating against waiver.

A-0822-23

N.J.S.A. 2A:4A-26.1 promulgates the criteria the State must satisfy when seeking a waiver of jurisdiction. Defendant stipulated to the initial criteria; that he was fifteen years of age or older at the time of the delinquent acts and that there is probable cause to believe the juvenile committed a delinquent act which, if committed by an adult, would constitute one of the enumerated offenses delineated in N.J.S.A. 2A:4A-26.l(c)(2)(a)-(o). The State then evaluated the factors outlined in N.J.S.A. 2A:4A-26.l(c)(3)(a)-(k) in support of its waiver application. Results of that evaluation were detailed in a twenty-one-page submission filed with the Family Part. The State assessed each statutory waiver factor, summarized as follows:

> Nature and Circumstances of the Offense (Factor a): The State emphasized the seriousness of the assaults, the disparity in size and power between defendant and victims, the threats and coercion used, the vulnerability of the disabled victim, and the significant adult court sentences defendant faced. Dr. Bogacki's report did not alter this assessment.
>
> Whether the Offense Was Against a Person or Property (Factor b): This was considered especially important given multiple victims, and Dr. Bogacki's report did not change this view.
>
> Degree of Juvenile's Culpability (Factor c): Strong evidence of guilt was seen to increase defendant's culpability. Although the defense raised mental health issues, the prosecutor concluded these did not negate intent, but revised the weight of this factor from

4

significant to moderate after considering Dr. Bogacki's report.

Age and Maturity (Factor d): Initially, the State contemplated defendant's age [seventeen] and maturity favored waiver. However, following Dr. Bogacki's evaluation, the State adjusted its position to indicate only slight or minimal weight in favor of waiver.

Eligibility for Special Education (Factor e): Defendant's [Individual Education Program] indicated special education status due to [Attention Deficit Hyperactivity Disorder]. Although evidence from the psychological evaluations was inconsistent, the State ultimately treated this factor as neutral.

Criminal Sophistication (Factor f): The State viewed defendant as moderately sophisticated, given the planning, evasion, training of victims, and use of signals and modified (compilation) videos for gratification.

Prior Delinquency History (Factor g): Despite no prior arrests, there were earlier child welfare referrals related to similar conduct that weighted slightly in favor of waiver.

Previous Custodial Disposition (Factor h): Because defendant had not been previously detained, this factor did not support waiver.

Child Welfare Agency Involvement (Factor i): Past agency involvement was noted, but the State considered this a neutral factor.

Mental Health Concerns (Factor j): Initially weighed neutrally; after Dr. Bogacki's report, the State found

this factor strongly favored keeping the case in juvenile court.

Victim or Family Input (Factor k): The victims' families described serious trauma and wanted defendant held accountable, weighing in favor of waiver.

On October 28, 2021, after an evidentiary hearing at which Dr. Bogacki testified, the court issued an oral opinion, later reduced to writing, finding the waiver factors weighed in favor of the State and concluding the State had not abused its discretion. Defendant moved for leave to appeal, which our court denied.

Plea negotiations ensued, and defendant pled guilty to several counts of aggravated sexual assault. The court imposed a twenty-five-year sentence as mandated by the Jessica Lunsford Act, N.J.S.A. 2C:14-2(a).

On appeal, defendant argues the court erred in finding the State had not abused its discretion. Specifically, he contends the State failed to explain its reasoning, engaged in no original analysis, failed to consider relevant information, and misapplied the statutory factors.

II.

"The decision whether to seek waiver vests in the prosecutor." State in the Int. of E.S., 252 N.J. 331, 342 (2022). "'The Juvenile Code allows

prosecutors to seek to proceed in adult court against juveniles who have committed certain serious offenses' through the waiver process set forth in N.J.S.A. 2A:4A-26.1." Ibid. (quoting State in the Int. of N.H., 226 N.J. 242, 248 (2016)). "Under the waiver statute, prosecutors have sixty days after receipt of a complaint to move for waiver." Ibid. (citing N.J.S.A. 2A:4A-26.1(a)). The prosecution must establish that "[t]he juvenile was fifteen years of age or older at the time of the alleged delinquent act; and . . . [t]here is probable cause to believe that the juvenile committed a delinquent act which if committed by an adult would constitute" one or more enumerated offenses. N.J.S.A. 2A:4A-26.1(c)(1) to (2). "Probable cause signifies that there 'is a well-grounded suspicion or belief that the juvenile committed the alleged crime.'" E.S., 252 N.J. at 342 (quoting State v. A.D., 212 N.J. 200, 205 (2012) (internal quotation omitted)).

If a juvenile is eligible for waiver under subsections (c)(1) and (c)(2) of the statute, the prosecutor considers a statutory list of eleven factors to determine whether to seek waiver in a given case. N.J.S.A. 2A:4A-26.1(c)(3)(a) to (k).

At a waiver hearing, the court reviews the evidence offered by both the State and the juvenile. N.J.S.A. 2A:4A-26.1(b). If the prosecution makes the requisite showing, "the court shall waive jurisdiction of a juvenile delinquency

7

case." N.J.S.A. 2A:4A-26.1(c). However, "[t]he court may deny a motion by the prosecutor to waive jurisdiction of a juvenile delinquency case if it is clearly convinced that the prosecutor abused his discretion in considering the [eleven statutory] factors in deciding whether to seek a waiver." N.J.S.A. 2A:4A-26.1(c)(3); accord State in the Int. of Z.S., 464 N.J. Super. 507, 519 (App. Div. 2020). "Thus, although the court is not bound by a prosecutor's decision to seek waiver, it reviews that decision under the deferential abuse of discretion standard." E.S., 252 N.J. at 343 (citing N.H., 226 N.J. at 249-51; Z.S., 464 N.J. Super. at 519-20). The Family Part conducts a review to ensure the prosecutor has made an individualized decision about the juvenile, one that did not abuse the prosecutor's considerable discretion or was arbitrary. State in the Int. of V.A., 212 N.J. 1, 8 (2012); see also N.H., 226 N.J. at 255. The statute has a presumption in favor of waiver for juveniles who commit serious criminal acts. Such a juvenile must overcome an associated "heavy burden" to defeat a waiver motion. Z.S., 464 N.J. Super. at 519 (citing State v. R.G.D., 108 N.J. 1, 12 (1987)).

We have reviewed the record and the court's ruling in this case. We are satisfied that the court considered Dr. Bogacki's report, incorporating the report's conclusions into its own findings. The court's review of the State's

detailed, individualized Statement of Reasons reflected a nuanced approach in which the State found certain factors weighed in favor of waiver while others did not.

As highlighted in defendant's brief, and predictably enough, the State and Dr. Bogacki disagreed as to whether certain factors should be weighed in favor or against waiver. But differences in opinion are not tantamount to abuses of discretion.

We also recognize the State did not spell out the full language of factor (g) in its Statement of Reasons, omitting "of delinquency of the juvenile and dispositions imposed for those adjudications" from the caption "nature and extent of any prior history" in one portion of the assessment. However, in its discussion of factors (f), (g), and (i), the State did note in the record referrals to the Division that J.D. abused A.H. as far back as 2015 and abused S.D. several times in the preceding three years. While neither of those allegations led to a finding of delinquency, their veracity was not contested and were properly considered by the State and the court. See generally, State v. J.M., 182 N.J. 402, 417 (2005). We also do not share defendant's contention that the trial court's decision must be reversed because it may have given "short shrift" to non-statutory factors of rehabilitation and deterrence. As the court fairly

A-0822-23

commented, even if not explicitly cited within the Statement of Reasons, the court construed the controlling statute

> to leave room for the concept [of rehabilitation] as being impliedly subsumed within other factors. However, because it is not enumerated in the revised law, deterrence should not be afforded the full weight of a listed factor. Instead, like rehabilitation, it is at most a subsidiary and optional consideration.

That interpretation of the current statutory framework is consistent with our decision in Z.S., where, in discussing differences between the former and revised statutory framework, we observed,

> Such language [("possibility of rehabilitation")] is omitted from the 2016 revised statute. Even so, the new factors arguably allow some consideration of the juvenile's prospects for rehabilitation, at least implicitly, by requiring the prosecutor to assess a juvenile's "age and maturity," "culpability," "criminal sophistication," and prior history with the juvenile justice system.
>
> [464 N.J. Super. at 517 (quoting N.J.S.A. 2A:4A-26.1(c)(3)(a), (c), (f), (g), (h)).]

In sum, nothing in defendant's arguments persuades us that any of the State's assessments was arbitrary or unsupported by evidence in the record. In finding no abuse of discretion by the State in its application for waiver, the Family Part did not err.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

10                                                                 A-0822-23