**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5703-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QUASHAWN HARRIS,

     Defendant-Appellant.

_____

Submitted February 5, 2020 – Decided February 28, 2020

Before Judges Fuentes, Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-04-0860.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet A. Allegro, Designated Counsel, on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Quashawn Harris appeals from a January 18, 2017 order granting the State's waiver motion to transfer his juvenile case to adult court and further challenges the April 13, 2018 denial of his motion for a Graves Act[1] waiver. We affirm substantially for the reasons expressed by the judges who entered these orders. We add the following brief comments to provide context for our decision.

The State filed a juvenile delinquency complaint against defendant after his arrest, and subsequently moved to transfer jurisdiction of his case from the juvenile court in the Chancery Division, Family Part, to the adult court in the Law Division, Criminal Part. After conducting a waiver and probable cause hearing, Judge Susan F. Maven granted the State's waiver motion. Subsequently, an Atlantic County grand jury indicted defendant on first-degree gang criminality, N.J.S.A. 2C:33-29(a); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful

---

[1] N.J.S.A. 2C:43-6(c) (the Graves Act) mandates a period of parole ineligibility for certain firearm-related offenses. Under N.J.S.A. 2C:43-6.2, upon request of the State, or at the sentencing court's request with the State's approval, the assignment judge shall place the defendant on probation or reduce the parole ineligibility term to one year if the interest of justice would not be served by imposition of a parole disqualifier, and the defendant has no prior conviction for an enumerated offense under N.J.S.A. 2C:43-6(c).

possession of a weapon without a permit to carry the same, N.J.S.A. 2C:39-5(b)(1); and fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d).

Defendant was sixteen years-old when he attended a party with eleven other youths in a hotel room at a casino in Atlantic City. Approximately ten minutes after defendant's group arrived at the party, another group entered the room, and an exchange of gunfire ensued. Defendant was seen on casino video footage running from the room with three known gang members. The Atlantic City Police Department was contacted and its officers quickly found a group in an area outside of the casino who matched the description of the suspects. One of the suspects appeared to have blood on his clothes. During an officer's second pat-down of defendant, he "felt a handgun in the right pant leg of [defendant]'s pants. [The officer] removed the handgun from [defendant]'s pants and checked [him] for any other weapons." The police did not find any other weapons. Defendant's handgun was loaded with six rounds of live ammunition and identified as a defaced .38 caliber revolver. However, it was not fired during this incident.

The State alleged that defendant and some of the other individuals with him on the day of the incident were affiliated with the Head Shot Gang (HSG). The police officers who responded to this incident believed the shootout was a result

3

of gang rivalry.  Data recovered from another suspect's cellphone showed that one of the apprehended youths had disseminated a text message ten minutes after the shooting, to a group labeled "Mi Familia" which read: "yea I'm in a jam we jus did sum nut s--t to the opps."[2]  When interviewed by the police, this individual admitted he learned about the party through Facebook and attended it with defendant and others who were also apprehended.  This individual also told the police: "Everything was good at the party until a group of other kids showed up and an argument ensued.  During the course of the argument, some of those other kids locked themselves in the bathroom and started firing a gun out of the bathroom door towards them."  Video footage showed that as HSG members ran from the room, one member returned fire and fled.

In January 2018 defendant pled guilty to second-degree possession of a weapon for an unlawful purpose and moved for a Graves Act waiver.  On April 13, 2018, Judge Bernard E. DeLury, Jr., denied defendant's motion and sentenced him to a seven-year custodial term, subject to three and one-half years of parole ineligibility, and applicable jail credit.

---

[2]  "Opps" is slang for "opposite gang."

On appeal, defendant argues that Judge Maven erred in finding the State presented probable cause to waive him to adult court, the State abused its discretion in seeking the waiver, and Judge DeLury erred in denying his motion to depart from the Graves Act. Having considered these arguments in light of the applicable law and facts, we perceive no basis to disturb Judge Maven's waiver of jurisdiction to the Criminal Part or to reverse Judge DeLury's denial of defendant's request for a Graves Act waiver.

In the case of a juvenile fifteen years or older charged with certain enumerated offenses, N.J.S.A. 2A:4A-26.1(c), the only issue to be determined by the Family Part judge at a waiver hearing is whether there is probable cause to believe the juvenile committed the delinquent act. "Probable cause is a well-grounded suspicion or belief that the juvenile committed the alleged crime." State v. J.M., 182 N.J. 402, 417 (2005) (citing State v. Moore, 181 N.J. 40, 45 (2004)). "Probable cause may be established on the basis of hearsay evidence alone, because a probable cause hearing does not have the finality of trial . . . and need not be based solely on evidence admissible in the courtroom." State in Interest of B.G., 247 N.J. Super. 403, 409 (App. Div. 1991) (citations omitted). Moreover, the nature of a probable cause determination "does not require the fine resolution of conflicting evidence that a reasonable-doubt or

even a preponderance standard demands, and credibility determinations [will] seldom [be] crucial in deciding whether the evidence supports a reasonable belief in guilt." J.M., 182 N.J. at 417 (alterations in original) (quoting Gerstein v. Pugh, 420 U.S. 103, 122 (1975)).

"On a finding of probable cause for any of [the] enumerated offenses, no additional showing is required for waiver to occur. Jurisdiction of the case shall be transferred immediately." R. 5:22-2(c)(3). "Simply stated, when a [fifteen-year-old] or above is charged with an enumerated offense, the prosecutor need only establish probable cause for the court to waive the juvenile to adult court." J.M., 182 N.J. at 412. That being said, "a juvenile seeking to avoid the 'norm' of waiver . . . when probable cause is found to exist, must carry a heavy burden to clearly and convincingly show that the prosecutor was arbitrary or committed an abuse of his or her considerable discretionary authority to compel waiver." State in re V.A., 212 N.J. 1, 29 (2012).

The Family Part may deny a juvenile waiver motion if it is "clearly convinced that the prosecutor abused his or her discretion in considering the factors set forth within N.J.S.A. 2A:4A-26.1(c)(3)." R. 5:22-2(c). Here, Judge Maven cited to these statutory factors and found no such abuse of discretion. Further, she was satisfied the State established probable cause that defendant, at

6

age sixteen, possessed a defaced, loaded handgun for an unlawful purpose. She also found the State showed "the history of retaliation between the [HSG] and the rival group," together with defendant's association with the HSG and his possession of a handgun, created "a reasonable inference that [defendant] carried a weapon that evening in anticipation [of] and for his protection as is a common gang practice." Judge Maven concluded: "[T]he State has adequately considered the information presented by defense counsel and has not abused its discretion when considering the statutory factors."

A Family Part judge's decision in juvenile waiver cases must be "grounded in competent, reasonably credible evidence" and "correct legal principles [must] be applied." In re State ex rel. A.D., 212 N.J. 200, 214-15 (2012) (quoting State v. R.G.D., 108 N.J. 1, 15 (1987)). We review juvenile waiver cases to assess "whether the correct legal standard has been applied, whether inappropriate factors have been considered, and whether the exercise of discretion constituted a 'clear error of judgment' in all of the circumstances." State in Interest of J.F., 446 N.J. Super. 39, 51-52 (App. Div. 2016) (quoting R.G.D., 108 N.J. at 15). Consideration should be given to the family court's expertise, common sense and experience in adjudicating such matters. Id. at 52 (citing R.G.D., 108 N.J. at 16 n.7). Only where the Family Part judge exercises a "clear error of judgment

A-5703-17T3

that shocks the judicial conscience" will a reviewing court substitute its own judgment for that of the waiver court. A.D., 212 N.J. at 215 (quoting R.G.D., 108 N.J. at 15). Here, we perceive no error of judgment in Judge Maven's decision to waive defendant's case to adult court, as her findings are amply supported by the record.

Likewise, we are satisfied Judge DeLury did not err in denying defendant's application for a Graves Act waiver.

Prior to his sentencing, defendant moved for a Graves Act waiver. When the State objected to the waiver, defendant claimed the prosecutor's objections were arbitrary. Defendant insisted the prosecutor failed to consider certain factors, such as defendant's purported limited and non-violent role in the events leading to his indictment, his untreated mental health issues and his recent efforts toward rehabilitation.

A prosecutor "must provide written reasons for withholding consent to a [Graves Act] waiver in order to promote procedural fairness and to ensure meaningful judicial review." State v. Benjamin, 442 N.J. Super. 258, 266 (App. Div. 2015), aff'd as modified, 228 N.J. 358 (2017). If a prosecutor opposes a defendant's request to be sentenced under the "escape valve provision of N.J.S.A. 2C:43-6.2, 'the defendant may [appeal the denial of the waiver] by

arguing to the [a]ssignment [j]udge that the prosecutor's refusal is a patent and gross abuse of discretion.'" Id. at 264-65 (quoting State v. Watson, 346 N.J. Super. 521, 535 (App. Div. 2002)); see State v. Alvarez, 246 N.J. Super. 137, 147 (App. Div. 1991). A defendant may also request the sentencing judge refer the matter to the assignment judge for leniency. See Alvarez, 246 N.J. Super. at 140. A prosecutor's decision not to pursue or endorse a waiver application "will not be disturbed on appeal unless arbitrary, capricious, or unduly discriminatory." Cannel, N.J. Criminal Code Annotated, cmt. 2 on N.J.S.A. 2C:43-6.2 (2019) (citing State v. Mastapeter, 290 N.J. Super. 56, 64-65 (App. Div. 1996)). Here, Judge DeLury found no such abuse of discretion on the part of the State.

In fact, Judge DeLury concluded the State considered all applicable factors and fairly applied the Graves Act to the circumstances of the case. Judge DeLury explained:

> [Defendant's] juvenile history is lengthy and serious. He has adjudications for weapons, mischief, theft, assault, threats and the like. He has served terms of juvenile detention. It would appear that his criminality has escalated sharply and dangerously. But for the sheer happenstance, the conduct of the defendant and that of his co-defendants could have resulted in much more serious injury or death.
>
> . . . .

Based on all of these facts and circumstances, the [c]ourt finds the following sentencing factors. Aggravating factor [N.J.S.A. 2C:44-1(a)(3)] applies and has the greatest weight . . . . Given his track record as a juvenile and his now adult record, it is clear that the defendant, given the opportunity, will offend again. His more recent claims of more appropriate behavior are belied by his history.

Aggravating factor [N.J.S.A. 2C:44-1(a)(5)] applies and has some weight based on the stipulation of the parties and the submissions of the State concerning the Graves motion. There is ample evidence showing there is substantial likelihood defendant was involved in organized criminal activity associated with criminal street gangs in Atlantic City.

Aggravating factor [N.J.S.A. 2C:44-1(a)(6)] applies and has great weight. The extent of the defendant's prior juvenile record and the seriousness of the offenses for which he's been convicted now are significant. <u>This factor alone militates against a downward departure from the Graves Act.</u>

Aggravating factor [N.J.S.A. 2C:44-1(a)(9)] applies and has the greatest weight. There is [a] need for deterring this defendant specifically and others from violating the law . . . . The purpose of the Graves Act is deterrence. This <u>defendant's conduct and possession of a firearm in the commission of an offense is squarely within the contemplation of the Graves Act.</u>

[(Emphases added).]

"Appellate review of sentencing decisions is relatively narrow and is governed by an abuse of discretion standard." <u>State v. Blackmon</u>, 202 N.J. 283,

10

297 (2010). However, we do not defer to legal determinations made by the trial judges and examine questions of law de novo. State v. Gandhi, 201 N.J. 161, 176 (2010). Guided by these principles, we find no basis to disturb Judge DeLury's denial of a Graves Act waiver, given that his findings were based on competent and credible evidence in the record.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION